Jones *et al. v.* Talley *et al.*

(*Jackson,* April Term, 1950.)

Opinion filed June 9, 1950.

Will Tom Abernathy, of Selmer, and Willard E. Smith, of Henderson, for complainants.

Joe C. Davis, of Lexington, for defendants.

MR. JUSTICE TOMLINSON delivered the opinion of the Court.

When the Chester County Quarterly Court proceeded in January, 1950 to elect a chairman for the year, that Court was composed of twenty-nine members. Two of its members, R. A. Talley, Jr. and Dr. Steadman were candidates for this office; hence, were forbidden by statute to vote in this election. Code Section 684.

On the first ballot and on many subsequent ballots taken on that day and on the following day Talley received fourteen votes and Steadman thirteen. After each count the chairman *pro tem* ruled that neither had received the number of votes required to elect. This ruling was predicated on the theory that it required fifteen votes to elect since that Quarterly Court was composed of twenty-nine Justices, and the statute, Williams' Code Supplement, Section 10218, provides that a majority of all the Justices constituting the Quarterly Court is necessary to the election of any official to be elected by the Quarterly Court.

Finally, on the second day Court was adjourned to January 14 "in order to give the two candidates and county attorney time to get an opinion from the State Attorney General's office in regard to this matter". Subsequently these parties were informed in writing from the Attorney General's office that it was the opinion of that office that twenty-seven rather than twenty-nine members constituted the full Court for this election since the two members who were candidates could not vote.

Following receipt of that opinion, Talley, who had received fourteen of the twenty-seven votes, filed the re-

quired bond in the office of the County Court Clerk and took the prescribed oath of office as chairman of that Quarterly Court. On January 13 the thirteen Justices of the Peace who voted for Dr. Steadman and Dr. Steadman filed the original bill in this cause in their official capacity as Justices of the Peace. Those who were made defendants to this bill were the fourteen magistrates who had voted for Mr. Talley, and Mr. Talley, all of these fifteen being made defendants in their official capacity as Justices of the Peace.

After the bill had alleged the facts hereinabove stated, it makes the following further allegation: "They further state that despite the fact that the said R. A. Talley, Jr., has failed to receive the number of votes necessary for his election, is attempting to, and will enter into, exercise and usurp all of the powers granted to a Chairman of the County Court under the law, unless he is restrained by injunction of this Honorable Court from so doing".

The gravamen of the charge contained in the above quotation is that Talley was a usurper of said office and not entitled to exercise its powers or perform its duties.

It is stated in the bill that much confusion has arisen by the situation described, and that this is a case for declaratory judgment, Code, Section 8835, et seq.

The prayer of the bill is: "That the Court determine and declare the rights of the two candidates seeking this office, and that the Court interpret, construe and declare the meaning of Section 10218 of Williams Annotated Code of Tennessee, 1934, the same being Chapter 10, Section 2, of the Public Acts of Tennessee, for 1935, with reference to the number required to elect a Chairman."

Talley demurred. The Court sustained the fourth ground thereof holding that under a proper interpretation of the law applicable to the facts Talley was duly elected when he received fourteen of the twenty-seven votes. Complainants have appealed from this holding.

The Chancellor overruled all the other grounds of the demurrer. Talley has appealed from that holding.

One of the grounds of the demurrer overruled by the Chancellor is this: "The bill shows on its face this is a suit in the nature of a *quo warranto* and was not filed by the District Attorney General as required by law."

The bill in this suit is not in the name of the State nor instituted by the District Attorney General.

The law to which the above quoted ground of the demurrer referred is Code, Section 9336 providing that an action lies in the name of the State against any person who "unlawfully holds or exercises any public office". By Code, Section 9339 and the construction placed upon this code section a suit brought under Code, Section 9336 must be brought in the name of the State by the District Attorney General. If it is not so brought it must be dismissed. *State* v. *McConnell*, 71 Tenn. 332. The purpose of this requirement is to "subserve the public interest", *State* v. *McConnell, supra; State ex rel.* v. *Warner Agee*, 105 Tenn. 588, 59 S. W. 340, since such a suit is regarded as that of the State. *State ex rel.* v. *Red River Turnpike Co.*, 112 Tenn. 615, 79 S. W. 798.

Such being the mandate of Code, Section 9339 and the public policy reason for its enactment as declared by the decisions, it follows that whenever a suit is brought to procure an adjudication that a defendant is unlawfully holding and exercising the duties and powers of a public office, and it appears from the face of the

bill that the suit is not instituted in the name of the State by the District Attorney General, then it is the duty of the Court to dismiss the bill without considering the merits of whatever the insistences are in that bill.

The instant bill is very skillfully drawn, apparently in a bona fide effort to ward off the very attack made upon it by the aforesaid first ground of the demurrer. However, the Court must look beyond the form into the substance of the bill for the purpose of ascertaining whether the suit is in reality a suit in the nature of a *quo warranto* proceedings.

Talley has executed his bond and taken the oath of office after receiving a majority of the twenty-seven votes cast for the office. There can hardly be any question as to the accuracy of the statement that the relief sought by the present bill is a decree adjudging Talley under a proper construction of Section 10218, Williams' Supplement to the Code, to be a usurper of said office and not entitled to exercise its powers or perform its duties. Such a bill is clearly a suit in the nature of a *quo warranto* proceedings. *State* v. *McConnell, supra.* Therefore under Code, Section 9339, this suit is not maintainable since it was not brought in the name of the State by the District Attorney General.

The Declaratory Judgment Law does not dispense with the requirement that a suit in the nature of *quo warranto* proceedings be brought in the name of the State by the District Attorney General. *Weaver* v. *Maxwell et al.,* Tenn. Sup., 224 S. W. (2d) 832. We are referred by the brief of the original complainants to *State ex rel. Carey* v. *Bratton,* 148 Tenn. 174, 253 S. W. 705 as authority for their insistence that this suit as filed is maintainable. We do not consider that case to

be in point. There the *de jure* incumbent sought to enjoin an unfounded claimant from interfering with his possession. The Court held this office entitled to that relief and in so doing said: "This cause cannot be maintained as an action to determine the title, and secure possession of an office as on proceeding in the nature of *quo warranto,* but pending a peaceful determination of the question of title and possession the *de jure* incumbent may by injunction restrain the claimant from interfering with his possession, whose election is shown by the petition and answer to be void." 148 Tenn. at pages 182-183, 253 S. W. at page 707.

So it is seen that in this, the Bratton case, title to the office was only incidentally involved in a suit brought by the *de jure* incumbent to enjoin allegedly improper interference with his holding and performance of the duties of the office.

For the reasons stated, we are of the opinion that the Chancellor should have sustained the first ground of the demurrer of the defendants, Talley, et al., defendants below, and their assignment of error to this effect is sustained and the bill dismissed.

By reason of the conclusion just stated, we pretermit consideration of the errors assigned by Dr. Steadman, et al., complainants below.

The decree of the Chancellor will be modified so as to adjudge that the bill will not be considered on its alleged merits because it was not instituted in the name of the State by the District Attorney General and the suit will be dismissed.

All costs of both appeals will be adjudged against Ernest Jones, et al., the original complainants.

All concur.