CHARLES C. SNOW, Appellant,

*v.*

JESS E. PEARMAN, et al., Appellee.

436 S.W.2d 861.

(*Knoxville*, September Term, 1968.)

Opinion filed December 6, 1968.

Opinion on Petition to Rehear filed February 14, 1969.

Robert L. Badger, Kingston, for appellant.

Ladd & Qualls, Harriman, for appellee.

MR. JUSTICE CRESON delivered the opinion of the Court.

The parties to this case will be designated as they appear in this Court; that is, Charles C. Snow as appellant, and Jess E. Pearman as appellee. Appellant is the duly elected Clerk of the Circuit Court of Roane County, and appellee is the duly appointed Clerk and Master of the Chancery Court of Roane County.

The question about which this case revolves is which of these officials shall act as Clerk of the General Sessions Court of Roane County.

Appellant initiated this case in the Circuit Court of Roane County as a proceeding for a declaratory judgment under the provisions of T.C.A. secs. 23-1103 et seq.

Set out in brief, the grounds for appellant's insistence are as follows: (1) Section 19, Chapter 77, Private Acts of Tennessee 1959, created a General Sessions Court in and for Roane County, and provided that the Clerk and Master of the Chancery Court of Roane County should act as Clerk of the General Sessions Court for that County; (2) the Clerk and Master of the Chancery Court is, by law, an appointed official; (3) Article 6, Section 13, Constitution of Tennessee, provides that clerks of inferior

courts held in counties shall be elected for terms of four years; (4) the Private Act which permits an appointee to act as Clerk for the General Sessions Court of Roane County is thus in violation of the Constitution, and thereby void; and (5) if the Private Act is a nullity, then T.C.A. sec. 16-1116, the general statute relating to Clerks of General Sessions Courts, applies and appellant is thereby entitled to act as Clerk of the General Sessions Court and receive the emoluments of that office.

The appellee filed an answer to the petition, denying that a proceeding for a declaratory judgment was a proper means of securing the relief sought. In a memorandum opinion, the trial judge held that appellant's action "sounds in Quo Warranto" and that appellant had not met the legal requirements for maintaining an action in the nature of quo warranto. The Judge allowed appellant a substantial amount of time to meet the legal requirements for maintenance of an action in the nature of quo warranto. At the expiration of such time, appellant had failed to meet such requirements. The case was ordered dismissed and an appeal prayed and granted to this Court.

Appellant's assignments of error are as follows:

"1. It was error for the trial court to dismiss petitioner's suit. This was error for the reason that petition properly set out valid grounds for the relief sought.

2. It was error for the trial court to rule that petitioner had no standing to bring a declaratory judgment suit. This was error for the reason that any person whose rights are affected by any statute may have a determination of the validity of that

statute, and plaintiff is a person whose rights are affected by the statute in question.

3. It was error for the trial court not to direct the Attorney General to proceed with a quo warranto action, if, as the trial court indicates in his memorandum opinion, this was a suit where the stipulated facts and pleadings properly set out grounds for relief except that it was filed as a declaratory judgment suit rather than a quo warranto proceeding.''

█ These assignments do not require extended individual discussion, for the primary question presented is: Can a suit questioning the authority by which an incumbent office holder performs his duties properly be filed as a proceeding for a declaratory judgment under T.C.A. secs. 23-1101 et seq.?

This Court is of opinion that the question stated must be answered in the negative.

█ The purpose of the Declaratory Judgment Act is to settle and afford relief from uncertainty and insecurity with respect to right, status, and other legal relations. While the authority of various officers over the administration of local matters may be adjudicated in a proceeding for a declaratory judgment, where the issue made is that a defendant unlawfully holds office, a proceeding in the nature of quo warranto must be resorted to. See *Shelby County Board of Commissioners, et al. v. Shelby County Quarterly Court, et al.* (1965) 216 Tenn. 470, 392 S.W.2d 935. The instant case makes the issue that appellee has been, in effect, appointed *to an office* required to be elective by the Constitution. Such a case should be brought as an action in the nature of quo

warranto. Only the State may file an action questioning the authority of an incumbent officer to hold his office. See T.C.A. secs. 23-2801(1) and 23-2809. From the face of a bill which seeks an adjudication that a defendant unlawfully holds a public office, it must appear that the suit was instituted in the name of the State; and, unless an action of this nature is brought in the name of the State, it is the duty of the Court to dismiss the bill without considering its merits. *Jones v. Talley* (1950), 190 Tenn. 471, 230 S.W.2d 968.

In this connection we feel it appropriate to observe that the declaratory judgment procedure does not come to the jurisprudence of Tennessee from antiquity. It was sired by the realization that most traditional remedial actions and forms of action matured upon occurrence of the alleged consequences. The realization mentioned is that the situations now within the concept of the declaratory judgment remedy could well be such that the mere occurrence of the wrong could, ipso facto, result in immediate disaster—difficult to cure, if adequately remedial at all.

 This is the concept from which this remedy was born. Clearly, where other long established and well recognized forms of remedy were, and are, adequate, the new one was, and is, to be used only in its proper sphere. For a great many years, the remedy to test the right to hold public office has been quo warranto. The obligation to bring such a proceeding in a proper case has been assigned to the District Attorney General—not another citizen, though he may hold other office, who desires the emoluments of the office in question. The reasons for this have been heretofore, more than once, fully delineated by this Court.

■ Assignment of error No. 3, above quoted, asserts that the trial judge should have directed the Attorney General to proceed with a quo warranto action. On the present declaration, such action by the trial judge would be both unknown to the law in Tennessee and unthinkable until and unless a proper proceeding was brought for remedy by the writ of mandamus.

The judgment of the court below must be, and is, affirmed. Costs are taxed against the appellant.

BURNETT, CHIEF JUSTICE, and DYER, CHATTIN and HUMPHREYS, JUSTICES, concur.

### Opinion on Petition to Rehear

A petition to rehear has been filed in this case. The question raised was fully considered at the time of writing of the original opinion, with which we are entirely content.

Petition denied.

BURNETT, CHIEF JUSTICE, and DYER, CHATTIN and HUMPHREYS, JUSTICES, concur.