George JACKSON, Plaintiff-Appellant,

v.

Gerald HENSLEY, et al.,
Defendants-Appellees.

Court of Appeals of Tennessee,
Eastern Section.

April 18, 1986.

Permission to Appeal Denied by
Supreme Court Sept. 8, 1986.

Gerald Largen, Kingston, for plaintiff-appellant.

Robert L. Badger, Kingston, for defendant-appellee, Gerald Hensley.

J. Scott McCluen, Harriman, for defendants-appellees, Kenneth Yager and Roane County, Tenn.

## OPINION

FRANKS, Judge.

Plaintiff's action, seeking a determination by chancery court of whether he was entitled to serve as Trustee of Roane County, was dismissed by the chancellor, who ruled the complaint actionable only in the form of a *quo warranto* proceeding.

On September 30, 1984, James E. Roberts resigned as Trustee of Roane County and designated plaintiff, a deputy in the trustee's office, as the interim successor pursuant to T.C.A., § 8–48–111.[1]

Gerald Hensley, a member of the Roane County Commission, learned of Roberts' resignation and solicited the support of other commission members to elect him as trustee. At a meeting of the commission on October 8th, Hensley was elected trustee and the next day Hensley discharged plaintiff from his position in the trustee's office.

---

1. T.C.A., § 8–48–111 provides, in pertinent part: [T]he emergency interim successor shall exercise the powers and discharge the duties of the office to which designated until such time as a vacancy which may exist shall be filled in accordance with the constitution or statutes; . . .

Plaintiff filed the instant action and the chancellor, responding to defendant's motion to dismiss, determined that the action was maintainable only as a *quo warranto* proceeding, directed service of a copy of the complaint upon the district attorney general, and subsequently conducted an *in limine* hearing as prescribed in *Bennett v. Stutts*, 521 S.W.2d 575 (Tenn.1975). Following the hearing, the chancellor held the attorney general's refusal to bring a *quo warranto* suit was justified.

■ Plaintiff insists that whether he is entitled to serve as trustee should be determined by declaratory judgment. We do not agree.

T.C.A., § 29-35-101, provides "[a]n action lies in the name of the state against the person or corporation offending, in the following cases: (1) Whenever any person unlawfully holds or exercises any public office or franchise within this state...." The complaint essentially avers Hensley unlawfully holds the office of trustee, and it is well settled that a suit in the nature of a *quo warranto* must be brought by the district attorney general. *Weaver v. Maxwell et al.*, 189 Tenn. 183, 224 S.W.2d 832 (1949).

The Supreme Court articulated the distinction between a declaratory judgment and an action in a *quo warranto* proceeding in *Snow v. Pearman*, 222 Tenn. 458, 436 S.W.2d 861 (1968):

> The purpose of the Declaratory Judgment Act is to settle and afford relief from uncertainty and insecurity with respect to right, status, and other legal relations.... [W]here the issue made is that a defendant unlawfully holds office, a proceeding in the nature of quo warranto must be resorted to. 436 S.W.2d, at 863.

In *Weaver*, plaintiff had filed a declaratory judgment action, requesting the court declare the respective rights of the plaintiff and defendant to a public office, to adjudge that no election had been held and that plaintiff be declared the incumbent. The court observed that the complaint contained "every element of a suit in the nature of a quo warranto." 224 S.W.2d 832. The elements set forth in *Weaver* are present in the instant case.[2]

■ Despite the district attorney general's refusal to bring a *quo warranto* proceeding, plaintiff contends he should have been allowed to maintain the action and to proceed in the name of the state. The case of *Bennett*, advanced by plaintiff to support his contention, held "[i]f it be determined [at an *in limine* hearing] that the District Attorney General's refusal to bring the action, or to authorize the use of his name in its institution, was improper or unjustified, or that plaintiff's case is prima facie meritorious, the trial court shall permit the action to proceed." 521 S.W.2d, at 577.

The district attorney concluded plaintiff's claim was not meritorious. Plaintiff alleged that Gerald Hensley's election was void on the ground he could not be elected as trustee because he was a member of the county commission, and relies on *State ex rel. v. Thompson*, 193 Tenn. 395, 246 S.W.2d 59 (1952).

*Thompson* held "it is contrary to public policy to permit an officer having an appointing power to use such power as a means of conferring an office upon himself, or to permit an appointing body to appoint one of its own members." 246 S.W.2d at 61, quoting 42 Am.Jur., at 955.

In declining to proceed with a *quo warranto* action, the district attorney correctly concluded T.C.A., § 5-5-102 effectively overruled *Thompson*. The statute, T.C.A., § 5-5-102(3) provides:

> If any member of the county legislative body accepts the nomination as a candidate for the office of county executive, sheriff, trustee, register, county clerk, superintendent of roads, superintendent of schools, circuit court clerk, assessor of property, judge of a court of

---

**2.** The complaint, in the instant case, alleges the "election was void", that defendant had "no claim to [the] office", that defendant "usurp[ed]" the office, and that plaintiff was "entitled to all of the rights, privileges, and emoluments" pertaining to the office of trustee.

general sessions or seat in the General Assembly, when such office is being filled by the county legislative body, such member shall automatically become disqualified to continue in office as a member of the county legislative body, and a vacancy on the body shall exist.

This section permits county legislative bodies to nominate one of their own members for a vacancy in office, but prevents the nominee from voting for himself by divesting him of his commission seat upon his acceptance of the nomination. When Hensley accepted the nomination as trustee, he ceased to be a member of the county commission and the plaintiff's contention that Hensley was "elected by the County Commission of which he was a member" is without merit. The district attorney did not abuse his discretion in declining to join the action in his name, and the trial court's dismissal of the action was proper.

■ The remaining issue is based on averments in the complaint, charging Hensley's election is void because the commission violated the Tennessee Open Meetings Act.[3] The record establishes that, upon learning of the vacancy in the trustee's office, Hensley contacted several of his fellow commissioners by telephone, soliciting their vote. In one instance, Hensley visited a commissioner at the latter's home asking for his vote. There was no meeting in the statutory sense until the commission met to elect the new trustee.[4] The chancellor correctly determined that Hensley's solicitations were not "in circumvention of the spirit or requirements" of the Act. As the chancellor observed, Hensley "was doing nothing more than what a private citizen—any individual—would have had the right to do under the same or similar circumstances."

We affirm the judgment of the chancery court, assess the costs incurred on appeal to plaintiff and remand to the trial court.

PARROTT, P.J., and SANDERS, J., concur.

3. T.C.A., § 8-44-101, *et seq.*

4. The Act defines a "meeting" as "the convening of a governing body of a public body for which

a quorum is required in order to make a decision or to deliberate toward a decision on any matter." T.C.A., § 8-44-102(c).