# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
May 8, 2013 Session

## WILLIAM H. THOMAS, JR. v. TENNESSEE DEPARTMENT OF TRANSPORTATION

### Appeal from the Chancery Court for Davidson County
### No. 110798-III      Ellen H. Lyle, Chancellor

---

### No. M2012-01936-COA-R3-CV - Filed, August 12, 2013

---

This appeal arises from a petition for judicial review of the decision of the Tennessee Department of Transportation to deny the petitioner's application for four billboard construction permits on I-240 in Memphis, Shelby County, Tennessee. The dispositive issues concern the zoning classifications of the proposed billboard locations. The Department of Transportation denied the permits based upon the finding that none of the proposed billboard locations met the zoning requirements in Tennessee Code Annotated § 54-21-103(4) or Tenn. Comp. R. & Regs. 1680-2-3-.03(1)(a)1, or the definitions for "Zoned Commercial" or "Zoned Industrial" in Tenn. Comp. R. & Regs. 1680-2-3-.02(29). The trial court affirmed the Department's denial of the permits, finding subsection (d) of 23 C.F.R. § 750.708, which states, "A zone in which limited commercial or industrial activities are permitted as an incident to other primary land uses is not considered to be a commercial or industrial zone for outdoor advertising control purposes" was controlling. The trial court also found the area was comprehensively zoned for residential, agricultural and flood plain uses, not commercial or industrial, and that "TDOT acted within its statutory authority in denying the petitioner's application for permits," and thus the court dismissed the petition. We affirm the decision to deny the permits based upon federal and state law.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

FRANK G. CLEMENT, JR., J., delivered the opinion of the Court, in which RICHARD H. DINKINS, J., joined. PATRICIA J. COTTRELL, P.J., M.S., not participating.

William H. Thomas, Jr., Memphis, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter, William E. Young, Solicitor General, and Larry M. Teague, Deputy Attorney General, Nashville, Tennessee, for the appellee, Tennessee Department of Transportation.

**OPINION**

On October 13, 2006, William H. Thomas, Jr. ("Petitioner"), submitted applications to the Tennessee Department of Transportation ("TDOT") for four state outdoor advertising permits; the permits were for two back-to-back billboards to be constructed off of Steve Road at Log Mile 9.25 ("the West Location") and Log Mile 9.45 ("the East Location") on Interstate 240 in Shelby County, Tennessee (collectively, "the Steve Road Locations"). Petitioner represented in the applications that each of the four proposed locations were zoned "PD Commercial."[1]

On October 24, 2006, Robert Shelby, Manager of the TDOT Region 4 Beautification Office in Jackson, Tennessee began processing the applications. Mr. Shelby first investigated the zoning and determined the four Steve Road Locations were subject to Shelby County's comprehensive zoning ordinance. Specifically, the West Location was zoned R-MM(FP) - Multiple Dwelling Residential and Flood Plain, and the East Location was zoned AG(FP) - Agriculture and Flood Plain. Mr. Shelby also determined that the sites were subject to a Planned Development Overlay, referred to as the "Steve Road PD," which authorized single-family residential housing, a daycare center, mini-storage units, and billboards. The Steve Road PD required that the daycare center, single family residences, and mini-storage units be developed prior to the construction of billboards.[2]

After ascertaining the zoning, Mr. Shelby conducted an on-site inspection; he observed that all of the proposed locations were within 660 feet of I-240, they were surrounded by homes and apartments on three sides with the fourth side facing I-240, that beyond the homes and apartments were heavily wooded, undeveloped areas, and that there was no commercial activity in the area.

Based upon the above findings, Mr. Shelby concluded that none of the proposed billboard locations met the zoning requirements in Tennessee Code Annotated § 54-21-103(4) and TDOT Rule 1680-2-3-.03(1)(a)1, both of which require that billboards located within 660 feet of an Interstate highway be located in areas zoned for industrial or commercial use. His determination was based on TDOT Rule 1680-2-3-.02(29) which defines "Zoned Commercial or Zoned Industrial," as "those areas in a comprehensively zoned political subdivision set aside for commercial or industrial use pursuant to the state or local zoning regulations, but shall not include strip zoning, spot zoning, or variances granted

_____

[1]As noted later, PD stands for Planned Development.

[2]The Steve Road PD was enacted by the City Council of Memphis on May 16, 2006, to cover the West Location, and amended on October 3, 2006 to include to the East Location.

by the local political subdivision strictly for outdoor advertising." Mr. Shelby notified Petitioner that the applications were denied by letter dated November 17, 2006; Petitioner timely requested an administrative hearing.

By agreement of the parties, the administrative proceedings were continued pending the resolution of a related matter in the Shelby County Chancery Court. Following the ruling by the chancery court, the case was appealed to this court. We dismissed the action upon the determination the Shelby County Chancery Court lacked subject matter jurisdiction. *See State ex rel. Comm'r of Dept. Of Transp. v. Thomas*, 336 S.W.3d 588, 608 (Tenn. Ct. App. 2010).

After the Shelby County Chancery Court case was dismissed, both parties filed motions and cross motions for summary judgment with the Administrative Law Judge ("ALJ"). Oral arguments were presented to the ALJ on September 3, 2009. Following the hearing, the judge granted summary judgment to Petitioner. The ALJ's decision was based upon her finding that the proposed locations *did* meet the definition of "Zoned Commercial or Zoned Industrial" in TDOT Rule 1680-2-3-.02(29). Specifically, the ALJ found that the City of Memphis and Shelby County constituted a "comprehensively zoned political subdivision," that the Steve Road PD was "set aside" by the City Council of Memphis acting pursuant to its authority under Section 14 of the Zoning Ordinance of the City of Memphis and Shelby County, that the Steve Road PD did not constitute "strip zoning" or "spot zoning," and that because it contemplated a daycare and mini-storage units in addition to the billboards, the Steve Road PD was not "strictly for outdoor advertising." *See* Tenn. Comp. R. & Regs. 1680-2-3-.02(29).

TDOT appealed the Initial Order to the Commissioner. The Commissioner agreed with Mr. Shelby's findings that the West Location was zoned Multiple Dwelling Residential/Flood Plain and that the East Location was zoned Agricultural/Flood Plain, and that neither is a commercial or industrial zoning designation under the Memphis and Shelby County zoning ordinance. The Commissioner, however, found there were genuine disputes of material fact regarding whether the Steve Road PD was "granted strictly to allow outdoor advertising." Thus, the Commissioner reversed the ALJ's Initial Order.[3]

Thereafter, Petitioner timely filed this Petition for Judicial Review of Commissioner's Order in the Chancery Court for Davidson County. He asserted, *inter alia*, that the Commissioner's decision violated the separation of powers doctrine and Petitioner's right to procedural due process under the Tennessee and United States Constitutions. Petitioner

---

[3]The Commissioner also found that reversing the Initial Order was necessary "in order to maintain effective control of outdoor advertising as mandated by 23 U.S.C. § 131" and the Tennessee Billboard Regulation and Control Act, Tennessee Code Annotated §§ 54-21-101 through -123.

requested the court reverse the Commissioner's Final Decision and order TDOT to issue the permits. After the record and responsive pleadings were filed, the parties waived a hearing and the issues were presented to the trial court. On May 17, 2012, the court entered a Memorandum and Order dismissing the Petition, finding, *inter alia*, "TDOT acted within its statutory authority in denying the petitioner's application for permits."

Petitioner then filed a Motion to Alter or Amend and Motion for Clarification of Final Order pursuant to Rules 52 and 59 of the Tennessee Rules of Civil Procedure. The trial court subsequently entered a Memorandum and Order Granting Petitioner's Motion, in part, by Altering and Amending Reasoning, but Denying it, in part, by Not Changing Outcome ("August 2012 Order").

In the August 2012 Order, the trial court examined the relationship between state and federal law regarding the zoning requirements for billboards located within 660 feet of Interstates and primary highways. The court first considered United States Code Title 23 Section 131, "Control of outdoor advertising," which requires states to provide "effective control" over the erection of billboards in these areas or risk losing federal highway construction funding. While the statute requires that states limit billboard construction to commercial and industrial zones, it also provides that "States shall have full authority under their own zoning laws to zone areas for commercial or industrial purposes, and the actions of the States in this regard will be accepted for the purposes of this Act." 23 U.S.C. § 131(d).

The court also considered 23 C.F.R. § 750.708, "Acceptance of state zoning," which identifies more specifically what "actions of the States" must be accepted under the federal scheme. The court focused on two subsections, (b) and (d), which describe two types of State action that will *not* be accepted. The trial court held that subsection (b), which provides that "[a]ction which is not a part of comprehensive zoning and is created primarily to permit outdoor advertising structures, is not recognized as zoning for outdoor advertising control purposes," did not provide a proper basis for TDOT's denial of the permits. The court reasoned that the Steve Road PD was not "created primarily to permit outdoor advertising structures" because it allowed for other commercial uses, namely a daycare and storage units.

The other subsection identified by the trial court, subsection (d), provides that, "[a] zone in which limited commercial or industrial activities are permitted as an incident to other primary land uses *is not considered to be a commercial or industrial zone for outdoor advertising control purposes*." (Emphasis added). Relying on an affidavit from Robert Shelby, the trial court found that the area in question is comprehensively zoned for residential, agricultural and flood plain uses, and that it "remains heavily wooded in parts and residential in other parts and undeveloped despite the enactment of the PDO." As a result, the court concluded that subsection (d) provides a proper basis for TDOT's decision to deny

-4-

Petitioner's permit applications as a matter of law. The trial court further concluded that Petitioner's claims that TDOT violated the separation of powers doctrine as well as his procedural due process rights were without merit. Based upon the foregoing determinations, the trial court dismissed the Petition. This appeal followed.

**APPELLATE REVIEW UNDER THE ADMINISTRATIVE PROCEDURES ACT**

Judicial review of decisions of administrative agencies, when those agencies are acting within their area of specialized knowledge, experience, and expertise, is governed by the narrow standard contained in Tenn. Code Ann. § 4-5-322(h) rather than the broad standard of review used in other civil appeals. *Willamette Indus., Inc. v. Tennessee Assessment Appeals Comm'n,* 11 S.W.3d 142, 147 (Tenn. Ct. App. 1999) (citing *Wayne County v. Tennessee Solid Waste Disposal Control Bd.*, 756 S.W.2d 274, 279-80 (Tenn. Ct. App. 1988)).

The trial court may reverse or modify the decision of the agency if the petitioner's rights have been prejudiced because the administrative findings, inferences, conclusions or decisions are:

(1)  In violation of constitutional or statutory provisions;
(2)  In excess of the statutory authority of the agency;
(3)  Made upon unlawful procedure;
(4)  Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or
(5)(A) Unsupported by evidence which is both substantial and material in the light of the entire record.

Tenn. Code Ann. § 4-5-322(h)(1)-(5)(A). However, the trial court may not substitute its judgment concerning the weight of the evidence for that of the Board as to questions of fact. Tenn. Code Ann. § 4-5-322(h)(5)(B); *see also Jones v. Bureau of TennCare*, 94 S.W.3d 495, 501 (Tenn. Ct. App. 2002). The same limitations apply to the appellate court. *See Humana of Tennessee v. Tennessee Health Facilities Comm'n*, 551 S.W.2d 664, 668 (Tenn. 1977) (holding the trial court, and this court, must review these matters pursuant to the narrower statutory criteria). Thus, when reviewing a trial court's review of an administrative agency's decision, this court is to determine "whether or not the trial court properly applied the . . . standard of review" found at Tennessee Code Annotated § 4-5-322(h). *Jones*, 94 S.W.3d at 501 (quoting *Papachristou v. Univ. of Tennessee,* 29 S.W.3d 487, 490 (Tenn. Ct. App. 2000)).

## ISSUES

Petitioner raises several issues for our consideration.[4] We, however, have concluded that the dispositive issue is whether the proposed billboard locations are zoned commercial or industrial as required by state and federal law. While this is the dispositive issue, we have also decided to address additional issues raised by the Petitioner.

## ANALYSIS

With the enactment of the Federal Highway Beautification Act of 1965, Congress established a statutory scheme to control the erection of new billboards and the maintenance of existing billboards along interstate and primary highways, in order to "protect the public investment in such highways, to promote the safety and recreational value of public travel, and to preserve natural beauty." 23 U.S.C. § 131(a); *see also United Outdoor Adver. Co., Inc. v. Bus. Transp. & Hous. Agency*, 746 P.2d 877, 879 (Cal. S. Ct. 1988). To achieve its purpose, the Highway Beautification Act requires states to provide for "effective control" of billboard construction and maintenance or risk a ten percent reduction in federal funding for highway improvements. 23 U.S.C. § 131(a)–(c).

To comply with the Federal Highway Beautification Act and provide for "effective control" over the erection and maintenance of billboards along interstate and primary highway systems, Tennessee enacted the Billboard Regulation and Control Act of 1972, now codified at Tennessee Code Annotated §§ 54-21-101 through -123.

Sections -112 and -116 of the Tennessee Billboard Regulation and Control Act specifically direct the Commissioner of TDOT to ensure that both the state and federal acts are carried out. *See* Tenn. Code Ann. § 54-21-112 ("The commissioner is given full authority to promulgate and enforce and all regulations as required and necessary to fully carry out this chapter and 23 U.S.C. § 131."); *see also* Tenn. Code Ann. § 54-21-116.

The Commissioner is thus required, by subsection (d) of the federal act, to limit billboard construction within six hundred sixty feet of interstates or primary highways to those areas zoned commercial or industrial under state law:

---

[4]The issues as stated by Petitioner are: 1) Whether the Chancery Court of Davidson County lacks original subject matter jurisdiction. 2) Must TDOT recognize and accept planned developments and does a planned development constitute a change in the comprehensive zoning? 3) Were appellant's due process rights violated? 4) Must TDOT file a declaratory judgment action when it decides a planned development constitutes spot zoning, strip zoning, or a variance enacted solely for the erection of billboards? 5) Has the separation of powers doctrine been violated in the current case? 6) Whether the chancery court committed error when it ruled that 23 C.F.R. 750.708(d) was controlling law in this matter.

(d) In order to promote the reasonable, orderly and effective display of outdoor advertising while remaining consistent with the purposes of this section, signs, displays, and devices whose size, lighting and spacing, consistent with customary use is to be determined by agreement between the several States and the Secretary, may be erected and maintained within six hundred and sixty feet of the nearest edge of the right-of-way within areas adjacent to the Interstate and primary systems which are zoned industrial or commercial under authority of State law, or in unzoned commercial or industrial areas as may be determined by agreement between the several States and the Secretary. The States shall have full authority under their own zoning laws to zone areas for commercial or industrial purposes, and the actions of the States in this regard will be accepted for the purposes of this Act.

23 U.S.C. § 131(d).

While the States "shall have full authority," *see id.*, to create commercial and industrial zones for billboard construction, federal regulations provide that certain State zoning actions will *not* qualify:

(b) State and local zoning actions must be taken pursuant to the State's zoning enabling statute or constitutional authority and in accordance therewith. Action which is not a part of comprehensive zoning and is created primarily to permit outdoor advertising structures, is not recognized as zoning for outdoor advertising control purposes.

. . . .

(d) A zone in which limited commercial or industrial activities are permitted as an incident to other primary land uses is not considered to be a commercial or industrial zone for outdoor advertising control purposes.

23 C.F.R. § 750.708(b) and (d).

A. STATE STATUTES AND REGULATIONS

Tennessee Code Annotated § 54-21-103, "Restrictions; exceptions," which the Commissioner is responsible for enforcing, overlaps the federal statutes and regulations. That regulation provides, in pertinent part:

No outdoor advertising shall be erected or maintained within six hundred sixty feet (660') of the nearest edge of the right-of-way and visible from the main

traveled way of the interstate or primary highway systems in this state *except the following*:

. . . .

(4) *Signs, displays and devices located in areas that are zoned industrial or commercial under authority of law* and whose size, lighting and spacing are consistent with customary use as determined by agreement between the state and the secretary of transportation of the United States;

(Emphasis added).

Acting in compliance with the foregoing responsibilities, the Commissioner promulgated rules and regulations, including Rule 1680-2-3-.03(1)(a)1, entitled "Criteria for the Erection and Control of Outdoor Advertising, Zoning." This regulation states: "Outdoor Advertising erected or maintained within 660 feet of the nearest edge of the right-of-way and visible from the main traveled way . . . *must be located in areas zoned for commercial or industrial use or in areas which qualify for unzoned commercial or industrial use.*" (Emphasis added). As noted earlier, the relevant definitions in Tenn. Comp. R. & Regs. 1680-2-3-.02(29)[5] read:

Zoned Commercial or Zoned Industrial, means *those areas in a comprehensively zoned political subdivision set aside for commercial or industrial use pursuant to the state or local zoning regulations*, but shall not include strip zoning, spot zoning, or variances granted by the local political subdivision strictly for outdoor advertising.

(Emphasis added).

Thus, reading the state and federal statutes and regulations together, it is clear the Commissioner of TDOT is responsible for ensuring that billboard construction permits are only granted for "areas in a comprehensively zoned political subdivision set aside for commercial or industrial use pursuant to state or local zoning regulations," Tenn. Comp. R. & Regs. 1680-2-3-.02(29), that those areas are not "created primarily to permit outdoor advertising structures," 23 C.F.R. § 750.708(b); *see also id.* (excluding areas zoned "strictly for outdoor advertising"), and that the commercial or industrial activities are not "limited" or only "permitted as an incident to other primary land uses." 23 C.F.R. § 750.708(d).

_____

[5]The definitions, which have not changed, were previously found in Tenn. Comp. R. & Regs. 1680-2-3-.02(27), – now -.02(29) – the amendment took effect in December 2008.

Petitioner claims the Steve Road PD meets each of these requirements. A PD, or a PDO – Planned Development Ordinance – is a land use mechanism by which one may modify the comprehensive zoning regulations within a district on a case by case basis. Section 4.10.3 of the Memphis Shelby County Unified Development Code provides that "governing bodies may grant a special use permit for a planned development which modifies the applicable district regulations and other regulations of this development code upon written findings of the Land Use Control Board and the Planning Director."[6] The City's stated purpose of the PDO mechanism is to "facilitate the use of flexible techniques of land development and site design, . . . [and] provid[e] relief from district requirements . . . ." The Tennessee Supreme Court has described PDOs as providing "relief from zoning requirements designed for conventional development . . . ." *McCallen v. City of Memphis*, 786 S.W.2d 633, 639 (Tenn. 1990).

In each of the four applications he submitted, Petitioner represented that the Steve Road Locations were zoned "PD Commercial." However, as Robert Shelby correctly determined, no such zoning designation exists in Memphis, Shelby County, Tennessee. Further, the undisputed facts establish that the proposed locations were subject to a planned development *permit*, as authorized by PD 06-332, but that does not place the four locations in an area "zoned commercial or industrial" as the state and federal regulations require.

During his inquiry, Mr. Shelby was informed by local zoning officials for Memphis and Shelby County that the West Location was in the R-MM(FP) - Residential Flood Plain Zoning District, and that the East Location was in the AG(FP) - Agriculture Flood Plain Zoning District. Thus, acting in compliance with TDOT Rule 1680-2-3-.03(1)(a)1, Mr. Shelby, acting in his capacity as TDOT Regional Manager, rejected Petitioner's applications because the locations were not zoned commercial or zoned industrial. Accordingly, contrary to Petitioner asserting, TDOT did not reject or ignore the zoning established by Memphis and Shelby County for the four locations at issue; to the contrary, TDOT accepted the zoning to be exactly what it was.[7]

---

[6]The zoning ordinance was formerly known as the Memphis and Shelby County Zoning Ordinance, and provided that the "legislative body may grant a permit which modifies the applicable zoning district zoning regulations and subdivision regulations upon written findings and recommendations . . . ." *See McCallen v. City of Memphis*, 786 S.W.2d 633, 635 (Tenn. 1990).

[7]One of the issues raised by Petitioner reads: "Must TDOT recognize and accept planned developments and does a planned development constitute a change in the comprehensive zoning?" Our foregoing analysis reveals that the PDO at issue did not constitute a change in the comprehensive zoning for any of the locations at issue.

As TDOT correctly asserts in its brief, TDOT is required to limit billboard construction within 660 feet of interstate and primary highways, to those areas "zoned commercial or zoned industrial." *See* Tenn. Code Ann. § 54-21-103(4); Tenn. Comp. R. & Regs. 1680-2-3-.03(1)(a)1. And the relevant definition for "Zoned Commercial or Zoned Industrial" is stated in Tenn. Comp. R. & Regs. 1680-2-3-.02(29):

> Zoned Commercial or Zoned Industrial, means those areas in a comprehensively zoned political subdivision set aside for commercial or industrial use pursuant to the state or local zoning regulations, but shall not include strip zoning, spot zoning, or variances granted by the local political subdivision strictly for outdoor advertising.

Therefore, for the foregoing reasons, TDOT acted within its statutory authority in denying Petitioner's applications for permits based on state law.

## B.  FEDERAL REGULATIONS

In its August 2012 Order, the trial court considered federal regulation, 23 C.F.R. § 750.708 subsections (b) and (d), which, as described above, disqualify certain proposed billboard locations. In its analysis the trial court noted that subsection (b) was not a proper basis for TDOT's decision to deny the permits, because the Steve Road PD allowed for the development of a daycare and mini-storage units, and was thus not "created primarily to permit outdoor advertising structures." *Id.* § 750.708(b) (disqualifying action which is "not part of comprehensive zoning and is created primarily to permit outdoor advertising structures").

The trial court then focused its analysis on subsection (d) of 23 C.F.R. § 750.708, which disqualifies any "zone in which limited commercial or industrial activities are permitted as an incident to other primary land uses." The trial court found persuasive the reasoning in *United Outdoor Advertising Co., Inc. v. Business Transportation & Housing Agency*, 746 P.2d 877 (Cal. S. Ct. 1988) which, like here, involved subsection (d) of 23 U.S.C. § 131. In that case, the plaintiff relied, in part, on the fact that the parcels at issue were within a location that the county general plan identified as a "Desert Special Service Center," or a "DSSC." The DSSC designation, the plaintiff contended, satisfied the federal permit requirements. *United Outdoor Advertising Co.*, 746 P.2d at 882. The California Supreme Court, however, did not agree.

> A DSSC is clearly not a zone, but instead designates isolated areas in the desert that might have some commercial potential but do not warrant zoning for a specific land use. Rather than zoning the areas commercial, the county

-10-

has retained the DL zone and deals with development in DSSC's on a site-by-site basis by the use of conditional use permits (i.e., by site approval). This technique purportedly allows the county flexibility and enables it to restrict development to that actually needed.

Plaintiff reasons that because the parcels are in a DSSC and have obtained site approval for a commercial activity, they are in the desert equivalent of a commercial zone. We cannot concur with this analysis. In the first place, the DSSC designation is conferred by the general plan and is not a zoning category. As part of the general plan it does not bestow on landowners the right to engage in commercial activities, but is instead a "statement of development policies" (Gov. Code, § 65302), part of a "constitution for all future developments" (*Neighborhood Action Group v. County of Calaveras* (1984) 156 Cal.App.3d 1176, 1183, 203 Cal. Rptr. 401). It is the zoning laws that regulate the geographic allocation and permissible uses of land. (*Ibid*.) The county's description of the DSSC in its general plan confirms this: it characterizes the label as temporary, not meant to be a permanent feature of the county's planning scheme; rather, the DSSC label will be replaced by appropriate land use categories as community plans are developed. In contrast, zoning is intended to represent a considered, specific, and lasting implementation of the broad statements of policy of the general plan. (*See* Gov. Code, §§ 65302, 65800.) Section 5205's requirement that an area be "zoned" in a particular way contemplates the detailed land use decisions reflected by zoning and not the broad and temporary designations of a general plan, which amount only to a possibility of future rezoning for commercial uses.

*Id.*

The California Supreme Court went on to conclude:

[T]he DSSC designation on the general plan, even combined with the DL zone and site approval for a commercial activity, does not convert the area into a de facto commercial zone. The designation is too imprecise to function effectively as a type of zoning, nor was it intended to do so. Furthermore, allowing billboards in DSSC's without appropriate zoning does not comply with the legislative intent of concentrating outdoor advertising in clusters of relatively significant entrepreneurial endeavor.

*Id*. at 883-84.

-11-

As the trial court correctly concluded, similar circumstances exist here – the Steve Road PD carves out a small zone for commercial activity in an area otherwise zoned residential/flood plain and agricultural/flood plain, and which is, in fact, heavily wooded and undeveloped except for apartment buildings. Using the reasoning in *United Outdoor Advertising Co.*, the trial court concluded that 23 C.F.R. § 750.708(d) applies to the facts of this case, because Petitioner's proposed billboard locations were in a PDO, a land use mechanism by which one may modify the comprehensive zoning regulations within a district on a case by case basis. Thus, the court concluded, because the Commissioner of TDOT has the responsibility to carry out the provisions of the Federal Highway Beautification Act, *see* §§ 54-21-112 & 116, the billboard construction permits could not be issued, and TDOT properly denied Petitioner's applications.

The Resolution of the City of Memphis adopting the Steve Road PD provides that "the planned development amendment is hereby granted to 'allow Single Family Residential (R-S6) District uses, including a day care center, limited Highway Commercial (C-H) District uses, including mini-storage warehouses with outdoor storage and off-premise advertising (billboard) sign[s] . . .'" For the foregoing reasons, we agree with the trial court's conclusion that Petitioner's proposed billboard locations are in areas that are disqualified for billboard construction by 23 C.F.R. § 750.708(d).

### C. THE PROPOSED LOCATIONS ARE DISQUALIFIED

In summation of our rulings in this section, we have concluded that the record contains substantial and material evidence to support the finding that the proposed billboard locations are in areas that are comprehensively zoned for "residential," "agricultural" and "flood plain uses," as well as the finding that the Steve Road PD relied upon by Petitioner limits his commercial activities to those *incident* to these primary land uses. Therefore, 23 C.F.R. § 750.708(d), the Billboard Regulation and Control Act of 1972, Tenn. Code Ann. §§ 54-21-101 through -123, and Tenn. Comp. R. & Regs. 1680-2-3-.03(1)(a)1, prohibit issuance of any of the billboard permits at issue.

### OTHER ISSUES RAISED BY PETITIONER

As for the other issues raised by Petitioner that were not directly or indirectly addressed in the foregoing analysis, we address them below.

### A. SEPARATION OF POWERS

Petitioner contends that TDOT violated the separation of powers doctrine of the constitution of Tennessee when it, he contends, refused to recognize the "zoning" change

made by the Steve Road PD as valid and lawful. We have determined these contentions lack a factual or legal basis.

As discussed in the previous section of this opinion, pursuant to Tennessee Code Annotated §§ 54-21-112 and -116, the Tennessee General Assembly directed the Commissioner of TDOT to promulgate and enforce regulations necessary to carry out the provisions of Tennessee's Billboard Regulation and Control Act of 1972 and those of 23 U.S.C. § 131. Thus, by statute and as this court has held, the General Assembly assigned the responsibility to determine whether proposed locations comply with state and federal law before a permit may be issued. *See Phillips v. Tenn. Dept. of Trans.*, No. M2006-00912-COA -R3-CV, 2007 WL 1237695, at *8 (Tenn. Ct. App. Sep. 7, 2007). As for the erroneous assertion that TDOT refused to accept the zoning established by Memphis and Shelby County for the four locations at issue, the record reveals quite the contrary. TDOT accepted the zoning to be exactly what it was, Multiple Dwelling Residential/Flood Plain, and Agricultural/Flood Plain. Petitioner even acknowledges this fact, but he nevertheless contends that the Steve Road PD changes everything. Although the PD permit authorizes limited commercial activity, it does not change the zoning of the four locations to commercial or industrial, and it does not alter TDOT's responsibility regarding the construction of billboards.

We, therefore, conclude that the facts of this case reveal that TDOT complied with its responsibility without violating the separation of powers doctrine.

### B. WAS A DECLARATORY JUDGMENT ACTION REQUIRED?

The foregoing notwithstanding, Petitioner argues a controversy exists because TDOT refused to recognize Memphis and Shelby County's "zoning." He contends TDOT had an affirmative duty to commence a declaratory judgment action to resolve the alleged zoning controversy before it could lawfully deny the permit.

The purpose of a declaratory judgment action is "to resolve a dispute, afford relief from uncertainty with respect to rights, status, and other legal relations," *Cannon Cnty. Bd. of Educ. v. Wade*, 178 S.W.3d 725, 730 (Tenn. Ct. App. 2005) (citing *Snow v. Pearman*, 436 S.W.2d 861, 863 (Tenn.1968); Tenn. Code Ann. § 29–14–103)). A justiciable controversy must exist to commence or maintain a declaratory judgment action. *State v. Brown & Williamson Tobacco Corp.*, 18 S.W.3d 186, 193 (Tenn. 2000).

Although a direct action for declaratory judgment is available "to challenge the validity, including the constitutionality, of an ordinance, or to determine whether an ordinance applies," *State ex rel. Moore & Associates, Inc. v. West*, 246 S.W.3d 569, 581

-13-

(Tenn. Ct. App. 2005), a declaratory judgment action is not available to challenge the administrative decision of a local administrator or board in "applying, enforcing, or executing a zoning ordinance." *Id*.

Whether the Steve Road PD qualifies Petitioner's proposed locations for billboard permits is an administrative decision TDOT is statutorily authorized and directed to make. TDOT made the administrative decision that the PD permit did not create commercial or industrial zoning for the purpose of constructing billboards thereon. Judicial review of decisions of administrative agencies, when those agencies are acting within their area of specialized knowledge, experience, and expertise, such as a decision by TDOT to grant or deny a billboard permit, is governed by and limited to the review afforded by Tennessee Code Annotated §§ 4-5-322 and -323.

TDOT has not attempted to declare the comprehensive zoning in the area – multiple dwelling residential/flood plain and agricultural/flood plain – invalid. Further, TDOT has not attempted to declare the Steve Road PD invalid. TDOT's decision to deny the billboard permits does not affect Petitioner's ability to construct single-family homes, a daycare, or mini-storage units. Accordingly, we find the assertion that a zoning controversy exists between TDOT and Memphis and Shelby County is unfounded.[5]

For the foregoing reason we have concluded TDOT was not required to file a declaratory judgment action to deny the permits requested by Petitioner.

## C. DUE PROCESS

Petitioner also contends his due process rights were violated during the administrative proceedings because TDOT "failed to insulate the lawyers who prosecute cases involving billboard cases [sic] from those who advise and represent the Commissioner in appeals involving billboard cases." In support of this assertion, he asks this court to review evidence presented in a previous action between himself and TDOT, which involved different billboard construction permit applications for different locations than those at issue today. Petitioner's claims in that action were dismissed by this Court in *State ex rel. Comm'r of Dept. Of Transp. v. Thomas*, 336 S.W.3d 588, 608 (Tenn. Ct. App. 2010).

Petitioner is correct in his assertion that procedural due process in administrative proceedings "demands a fair trial before a neutral or unbiased decision-maker," as discussed

---

[5]Petitioner makes similar arguments in support of his claim that the Davidson County Chancery Court lacked subject matter jurisdiction over this action. Because we find TDOT was not required to file a declaratory judgment action, we also find this claim is without merit.

extensively in *Martin v. Sizemore*, 78 S.W.3d 249, 265 (Tenn. Ct. App. 2001). Due process in administrative proceedings includes adequate notice of the proceedings, an opportunity for a hearing in a meaningful manner, and an opportunity to obtain judicial review of the agency's decision. *See id.* at 267.

The administrative proceedings at issue were conducted pursuant to the Uniform Administrative Procedures Act, Tennessee Code Annotated §§ 4-5-301 through -325, and the record before us contains substantial and material evidence that supports TDOT's findings that Petitioner's proposed locations for billboards violated state and federal zoning requirements. Further, the evidence cited by Petitioner in his brief fails to establish otherwise. Thus, we find no merit to the assertion that Petitioner's due process rights were violated in the administrative proceedings.

## IN CONCLUSION

The judgment of the trial court is affirmed, and this matter is remanded with costs of appeal assessed against the Appellant, William H. Thomas, Jr.

_____
FRANK G. CLEMENT, JR., JUDGE