IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs, November 5, 2008 Session

**JOHN DOE (a minor at the time of the incident), JOE AND JANE DOE, his parents, when he was a minor, v. STATE OF TENNESSEE, DEPARTMENT OF CHILDREN'S SERVICES**

**Direct Appeal from the Chancery Court for Knox County**
**No. 168776-1     Hon. John F. Weaver, Chancellor**

_____

**No. E2008-00511-COA-R3-CV - Filed January 2, 2009**

_____

In this action, plaintiff charged that defendant had placed him on a "secret, government maintained 'indicated' perpetrator list", without affording him due process of law. The Trial Judge, responding to a Motion to Dismiss, held that plaintiff's action was not "ripe" for determination and dismissed the action. On appeal, we affirm.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Chancery Court Affirmed.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., J., and D. MICHAEL SWINEY, J., joined.

Alan Everett, Knoxville, Tennessee, for appellants.

Robert E. Cooper, Jr., Attorney General and Reporter, and Douglas Earl Dimond, Senior Counsel, Nashville, Tennessee, for appellee.

**OPINION**

Plaintiff, John Doe, a minor at the time of the incident, and his parents, brought this action against the Tennessee Department of Children's Services, pursuant to Tenn. Code Ann. §4-5-322(b)(1)(B)(I), to review actions taken by defendant against John Doe.

Plaintiff alleged that he was now 18, a high school student with autism. While he was

a minor, defendant sought to place his name on a "secret, government maintained 'indicated' perpetrator list", which would preclude his employment or even his very presence at certain places. Plaintiff alleged that the proceedings which led to him being placed on that list were secret, and thus he did not know how his inclusion on the list came about.

Plaintiff alleged that on August 3, 2006, he received a letter from defendant stating that he had been identified as a person who committed child abuse against a minor child, and that the original complaint was received by defendant on December 20, 2005. Plaintiff averred that he and his parents timely filed a form with defendant requesting a case file review, but that neither they nor their attorney were allowed to see any of the file except the notice sent to him. Plaintiff alleged that the file review took place and he was sent a notice upholding the finding that he was indicated as a perpetrator, and that he would be placed on the "perpetrator list", but he was never given any specific facts nor allowed to present his side of the story at a hearing. Plaintiff concluded that his rights had been violated, and that the actions of defendant were illegal and unconstitutional, and he sought to have the list and the proceedings related to it declared illegal.

Defendant filed a Motion to Dismiss, and stated that plaintiff was only entitled to a hearing if defendant proposed to release his name as being on the list, and that his parents had no standing. Defendant also stated that plaintiff had impermissibly joined damage claims and other claims to his appeal of the defendant's finding.

Plaintiff then filed Motions to Amend and for Continuance, and alleged that the State had filed a new claim against him in the Juvenile Court, and that it could be related to this litigation. His amendment sought to add claims under 42 U.S.C. §1983.

On December 3, 2007, the Trial Court entered an Order dismissing plaintiff's Petition. The Court's Order adopted and incorporated its Memorandum Opinion, wherein the Court found that the Petition was not ripe, because there was no allegation that the department had or was going to release plaintiff's name as being on the list, and that this was the only reason he would be due a hearing. The Court also found that plaintiff's parents had no standing, since he is now an adult. The Court further found that defendant might have a valid argument about the impermissible joining of damage claims to the claim for appellate review of the department's decision, but since the Court had determined the Petition was not ripe, the Court declined to address that issue.

The issues presented for review are as follows:

1.      What is the applicable statute of limitations under the facts of this case?

2.      Does the right to be left alone, i.e. the right of privacy, prohibit the State from listing a minor with autism as an indicated perpetrator for actions he did five (5) years earlier?

3.      Does the State have to make a finding of substantial harm by clear and

convincing evidence to interfere into a minor's life?

4.      Does the State have a right to use secret evidence in a secret proceeding using unknown standards to remove freedom and liberty from a minor?

5.      Are the facts of this case a violation of substantive due process?

6.      Is the procedure used in this case void for vagueness?

7.      Are constitutionally mandated separations of powers being violated by allowing front line DCS workers to make combination legal evidentiary and factual decisions that have adverse impact on Mr. Doe?

8.      Has the law of the land clause of the Tennessee Constitution, Article 1 Section A been violated?

9.      Are DCS policies 14.2 and 14.3 actually rules and regulations that have been promulgated in violation of TCA 4-5-216?

10.     Are there basic jurisdictional problems in the DCS proceeding against John Doe?

11.     Whether the Trial Court correctly applied the ripeness doctrine to dismiss the petition for failing to state a claim that John Doe was entitled to a hearing when there was no allegation of threatened or actual release to any third party of the Department's determination that John Doe had committed an act of child abuse?

Since the Trial Court granted defendant's Motion to Dismiss, we must take all of the factual allegations in the Petition as true, and must construe the Petition liberally in the plaintiff's favor. *Cannon County Bd. of Educ. v. Wade*, 178 S.W.3d 725 (Tenn. Ct. App. 2005). Thus, we assume that Doe was given notice that a report was made against him and that he was classified as an "indicated" perpetrator of child abuse, that he requested a file review pursuant to the Tenn. Comp. R. & Regs. 0250-7-9-.01 *et seq*. Further, that upon review, the finding that Doe was an "indicated" perpetrator was upheld.

The principal injury that Doe complains of is that he was not given the opportunity to have a hearing and present his side of the story, or even learn the specific allegations of which he was accused, before being placed on the "indicated" perpetrator list. Pursuant to the Rules that were in effect at the time of this incident, however, assuming the above facts are true, i.e. that he requested a file review and that the finding that he was an "indicated" perpetrator was upheld, at that juncture Doe was entitled to "request and receive an administrative hearing before a hearing officer of the Administrative Procedures Division of the Department." Tenn. Comp. R. & Regs. 0250-7-9-.05

(March 1999).

There is nothing in the record to indicate that such a hearing was ever requested by Doe. In fact, his original Petition states that after the file review took place and he received notice that his inclusion on the "indicated" perpetrator list was being upheld, he filed his Petition as "an appeal directly from this finding".

The record demonstrates that Doe failed to avail himself of the very administrative remedy which he claims he was denied, i.e., a hearing. The Rules go on to state that if an individual fails to timely request a hearing pursuant to the Rules, the individual is deemed to have forever waived his right to a hearing. Tenn. Comp. R. & Regs. 0250-7-9-.05 (5). Accordingly, Doe failed to exhaust his administrative remedies in this case.

The Trial Court found that Doe's claim was not ripe because the Rules provided that he was entitled to a hearing if his status on the list was going to be disclosed and such had not been done. This is the standard under the revised Rules which went into effect November 25, 2006, which was after his file review and the affirmation of his "indicated" status, of which he admits he was given notice on November 15, 2006. *See* Tenn. Comp. R. & Regs. 0250-7-9-.08 (November 2006).

We reiterate pursuant to the Rules that were in effect of the time of this occurrence, Doe was entitled to an automatic hearing upon the affirmation of the finding after review of his file if he requested it. Since he did not request a hearing, Doe cannot now be heard to complain about a lack of hearing or deprivation of his rights.

We agree with the Trial Court that when and if the defendant elects to release plaintiff's name as being on the list, he would be entitled to notice and would be due a hearing before that action was taken.

Plaintiff has raised a plethora of other issues that are either moot based upon our decision or were not raised at the trial level, and thus waived.

Based on the foregoing we affirm the Judgment of the Trial Court and remand. The costs are assessed to the appellant.

_____
HERSCHEL PICKENS FRANKS, P.J.

-4-