**FILED**
**Jul 25, 2023**
**02:47 PM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Brantouris Glenn | ) Docket Nos. 2022-05-0070A, B, C |
| | ) |
| v. | ) State File No. 800721-2022 |
| | ) |
| Jameson Industries, LLC, et al. | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) Heard June 25, 2023 |
| Compensation Claims | ) via Microsoft Teams |
| Dale A. Tipps, Judge | ) |

---

### Affirmed and Remanded – Corrected

---

In this interlocutory appeal, the workers' compensation insurer questions the trial court's refusal to consider its motion for declaratory judgment and asserts it should be dismissed from the case because the employee was unable to establish a date of injury within its policy period at the expedited hearing. The employee filed a petition for benefit determination alleging a date of injury within the policy period and testified to that date of injury at the expedited hearing. The insurer filed a motion for declaratory judgment because other documentation admitted into evidence suggested other possible dates of injury, some of which were outside the policy period. The trial court determined that while the employee had not shown he was likely to establish the date alleged in his petition at trial was the correct date of injury, he had shown he was likely to prevail in proving that he suffered an injury at work and reported it timely. As such, the court ordered the employer to provide a panel. The trial court declined to consider the motion for declaratory judgment, stating that it did not have subject matter jurisdiction and that, even if it did, the matter was not ripe for determination. Upon carefully considering the record, the relevant precedent, and the arguments of counsel, we affirm the trial court's order and remand the case.

Judge Meredith B. Weaver delivered the opinion of the Appeals Board in which Presiding Judge Timothy W. Conner and Judge Pele I. Godkin joined.

Jennifer W. Arnold, Chattanooga, Tennessee, for the insurer-appellant, AmGuard Insurance Co.

Christopher D. Markel, Chattanooga, Tennessee, for the employee-appellee, Brantouris Glenn

J. Allen Callison, Nashville, Tennessee, for the employer-appellee, Jameson Industries, LLC

**Factual and Procedural Background**

Brantouris Glenn ("Employee") filed a petition for benefits alleging an injury on July 6, 2021, while working for Jameson Industries, LLC ("Employer").[1] Employer had an insurance policy with AmGuard Insurance Company ("Insurer") that covered a period from April 9, 2021 to 12:01 a.m. on July 8, 2021, when the policy apparently lapsed for non-payment of the premium. Insurer was not listed on the petition, and as such, mediation proceeded between Employer and Employee, at which time Employer agreed to provide certain medical benefits. After Employer failed to provide those benefits, another petition was filed, a dispute certification notice was issued, and an expedited hearing date was set.

At some point thereafter, Insurer became involved and began an investigation of the claim.[2] As a result of its investigation, Insurer received medical records from Hometown Family Medical ("Hometown") dated July 9, 2021, stating, "Patient presented after yesterday slipping out of his truck at work." The medical release note from that date of service also states that the date of injury was July 8, 2021. As such, Insurer determined there was a coverage dispute and retained separate counsel for itself and for Employer. It also requested that the court remand the matter back to mediation and continue the expedited hearing to a later date. The court granted the request and reset the hearing. Prior to that hearing, Insurer filed a brief that included a "motion for declaratory judgment," asking the court to dismiss it as it did not provide coverage at the time of the injury.

At the hearing, Employee testified that he suffered an injury on July 6, 2021, while switching out work trucks at Compass Storage as part of his job duties. The facility was gated, and Employee testified he stepped out of his truck to type in the entrance code for the gate. He slipped on the step, attempted to catch himself, and fell back on a railing, hitting his left shoulder. He heard a pop in his shoulder when he fell.[3]

Employee testified he was certain the accident happened on July 6 because July 4 was on a Sunday in 2021, and the company was closed Monday, July 5, in observance of the holiday. According to Employee, his first day back to work was July 6, and he recalled that was the day the accident occurred. Employee further testified once he parked the truck at home, he contacted Mr. Zarlenga and reported the injury. Mr. Zarlenga reportedly told

---

[1] At the time he filed the petition, Employee was not represented by counsel, and he named the individual owner of the company, Daniel Zarlenga, as the "employer" in his petition.

[2] The record is unclear regarding Insurer's involvement and how it began. Insurer states that contact from Employee's counsel on July 26, 2022 was the first notice it received of a claim.

[3] The nature and extent of Employee's alleged work injury are not pertinent to our disposition of this appeal.

him he would contact him with a medical appointment, but he did not call Employee back until July 9, when he told Employee to go to a walk-in clinic. Employee testified Mr. Zarlenga called him "close to closing time" of the clinic but that he was able to see a practitioner at Hometown on that date.

Insurer argued that the medical records were clear that the accident did not occur on July 6 as indicated in the initial petition and as Employee had testified. Insurer presented medical records from Hometown dated July 9 stating the accident was "yesterday." Other records from that clinic from the same visit listed a date of injury as July 8, 2021. Insurer also provided the records from radiology dated July 9, which stated, "Fell $x$ one day." Finally, Insurer submitted the MRI report from October of 2021, which identified a tear in Employee's shoulder, but also listed a date of injury of July 5, 2021. Employee contended that he did not write the date on the papers from the providers and that he did not have a copy of his intake sheet, despite contacting Hometown for a copy. He further testified he did not ever tell anyone at Hometown he fell "yesterday." However, during the expedited hearing, he did not present any witnesses to corroborate his testimony regarding the alleged date of the injury, despite the fact that he had identified people with knowledge of relevant facts in his discovery responses. He also could not provide his phone number at the time of the accident for further investigation of any possible phone records which might corroborate his testimony.

For further evidence that July 6 was not the date of injury, Insurer also presented, over objection, the recorded phone conversation between Mr. Zarlenga and an adjuster with Insurer that occurred on July 9, 2021. In that phone call, Mr. Zarlenga stated he had an employee who had an injury "yesterday," and the adjuster advised Mr. Zarlenga his insurance coverage ceased as of 12:01 a.m. on July 8, 2021.[4]

For its part, Employer argued that the reports on which Insurer relied were inconsistent and that Employee's credibility was called into question.[5] Furthermore, Employer stated that Employee's description of the accident at the hearing was different than the description in the medical records.

The trial court determined that Employee had not shown he was likely to establish July 6, 2021 as the date of injury at trial. However, it also found Employee to be a credible witness and that he testified convincingly that he suffered an injury requiring medical treatment the week of July 4, 2021. As such, it ordered Employer to provide Employee a panel of physicians and referred the case to the compliance program for consideration of a possible penalty. It declined to address issues related to coverage as requested by Insurer

---

[4] Mr. Zarlenga was not present to testify at the hearing. The recorded call was admitted under the "party-opponent" exception to the hearsay rule. *See* Tenn. R. Evid. 803(1.2).

[5] For example, Employee failed to note past criminal charges in his responses to discovery, claiming at the hearing he had forgotten about them when completing the responses.

in its motion, stating it did not have subject matter jurisdiction and, even if the court did have jurisdiction, the motion for declaratory relief was not ripe for adjudication. Insurer has appealed.

## Standard of Review

The standard we apply in reviewing a trial court's decision presumes that the court's factual findings are correct unless the preponderance of the evidence is otherwise. *See* Tenn. Code Ann. § 50-6-239(c)(7) (2022). When the trial judge has had the opportunity to observe a witness's demeanor and to hear in-court testimony, we give considerable deference to factual findings made by the trial court. *Madden v. Holland Grp. of Tenn., Inc.*, 277 S.W.3d 896, 898 (Tenn. 2009). However, "[n]o similar deference need be afforded the trial court's findings based upon documentary evidence." *Goodman v. Schwarz Paper Co.*, No. W2016-02594-SC-R3-WC, 2018 Tenn. LEXIS 8, at *6 (Tenn. Workers' Comp. Panel Jan. 18, 2018). Similarly, the interpretation and application of statutes and regulations are questions of law that are reviewed *de novo* with no presumption of correctness afforded the trial court's conclusions. *See Mansell v. Bridgestone Firestone N. Am. Tire, LLC*, 417 S.W.3d 393, 399 (Tenn. 2013). We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2022).

## Analysis

On appeal, Insurer raises only one issue, which we restate as follows: whether the Court of Workers' Compensation Claims has the authority to dismiss an insurer when the employee failed to establish a date of injury within its coverage period at an interlocutory hearing. In resolving the issue, we must consider whether the Court of Workers' Compensation Claims can entertain a declaratory judgment action and whether the trial court was correct in its determination that Insurer's motion was not filed at a proper stage in the litigation.

A declaratory judgment is a "binding adjudication that establishes the rights and other legal relations of the parties without providing for or ordering enforcement." Black's Law Dictionary (11th Ed. 2019); *see also Cannon Cty. Bd. of Educ. v. Wade*, 178 S.W.3d 725, 730 (Tenn. Ct. App. 2005) ("The purpose of a declaratory judgment action is to resolve a dispute, afford relief from uncertainty with respect to rights, status, and other legal relations."). A declaratory judgment can be sought pursuant to Rule 57 of the Tennessee Rules of Civil Procedure, which states in part:

> The procedure for obtaining a declaratory judgment pursuant to Tennessee
> Code Annotated 29-14-101 et seq. shall be in accordance with these rules,

4

and the right to trial by jury may be demanded under the circumstances and in the manner provided in Rules 38 and 39.

Since the inception of Tennessee's workers' compensation law in 1919, the parties in a workers' compensation action have not had the right to demand a jury. Therefore, given the express language of Rule 57 as noted above, we hold a declaratory judgment action is outside of the scope of the Workers' Compensation Law, and the Court of Workers' Compensation Claims does not have jurisdiction to consider such an action.

However, Rule 57 is not the only mechanism for obtaining declaratory relief. Rule 56 of the Tennessee Rules of Civil Procedure provides in pertinent part:

> A party seeking to recover on a claim, counterclaim, or cross-claim *or to obtain a declaratory judgment* may, at any time after the expiration of thirty (30) days from the commencement of the action . . . move . . . for a summary judgment in the party's favor upon all or any part thereof.

(Emphasis added.) Courts are not bound by the titles of pleadings and motions and will "give effect to the substance of the motion according to the relief sought." *Ferguson v. Brown*, 291 S.W.3d 381, 387 (Tenn. Ct. App. 2008). As such, although Insurer filed what it called a "motion for declaratory judgment," we elect to treat it as a motion for summary judgment. *See DemQuarter Healthcare Investors, L.P. v. OP Chattanooga, LLC*, No. E2016-00031-COA-R3-CV, 2016 Tenn. App. LEXIS 1001 (Tenn. Ct. App. Dec. 29, 2016) ("the trial court should have treated [the] motion for declaratory judgment as a motion for summary judgment").

The grant or denial of a motion for summary judgment is a matter of law that we review de novo with no presumption that the trial court's conclusions are correct. *See Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 250 (Tenn. 2015). Thus, we must "make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied." *Id.* In reviewing a trial court's decision on a motion for summary judgment, we are to review the evidence in a light most favorable to the nonmoving party and draw all reasonable inferences in favor of the nonmoving party. *Lyles v. Titlemax of Tenn., Inc.*, No. W2017-00873-SC-WCM-WC, 2018 Tenn. LEXIS 520, at *5 (Tenn. Workers' Comp. Panel Sept. 14, 2018). For reasons stated below, we agree with the trial court that Insurer's motion, even if treated as a properly filed motion for summary judgment, fails at this stage of the litigation.

Here, Insurer argues that Employee did not meet his burden of proving that his date of injury was within the policy period and that, therefore, it should be dismissed from the action. However, Employee still alleges, and testified at the interlocutory hearing, that his date of injury was within the policy period. Although he will have the burden of proving the date of injury at trial, the date of injury is a material fact that remains in dispute.

A motion for summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. The burden is on the party pursuing summary judgment to demonstrate both that no genuine issue of material fact exists and that the moving party is entitled to a judgment as a matter of law. *Martin v. Norfolk S. Ry. Co.*, 271 S.W.3d 76, 83 (Tenn. 2008).

We conclude Insurer did not meet its burden of production under Rule 56.[6] The court found that, although Employee did not establish the date of his injury by a preponderance of the evidence, he came forward with sufficient evidence at the expedited hearing indicating that he is likely to prevail at trial in proving the occurrence of a compensable accident. *See* Tenn. Code Ann. § 50-6-239(d)(1) (The court can order the initiation of benefits "upon determining that the injured employee would likely prevail at a hearing on the merits."). As such, there is still a question of material fact, and summary judgment is inappropriate at this time.

Moreover, as we have noted on numerous occasions, an employee's burden of proof at an expedited hearing is not the same as the burden at trial. At an expedited hearing, a court can order the initiation of benefits even if the employee has not proven the occurrence of a compensable injury by a preponderance of the evidence. *See, e.g., McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *8 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). Thus, Employee in the present case did not have to prove the date of injury by a preponderance of the evidence at the expedited hearing to obtain an order for the initiation of medical benefits.

Although we have concluded that Insurer's motion was properly denied at this stage of the case, we note that there is a distinction between the trial court's lack of subject matter jurisdiction to resolve coverage disputes versus the court's authority to resolve factual disputes that may *impact* coverage. As we recently explained in *Martinez v. ACG Roofing*, the Court of Workers' Compensation Claims is often called upon to make factual determinations that could impact coverage:

> For example, if the employee and employer in a workers' compensation claim assert two different dates of accident, one of which falls within the period during which the employer is covered by a policy of workers' compensation insurance and the other of which does not, it is incumbent upon the court to consider the evidence and decide the date the accident occurred based on a preponderance of the evidence. That determination may impact the contractual obligation of the insurer to pay benefits under the terms of its

---

[6] Insurer's motion also did not comply with the requirements of Tennessee Rule of Civil Procedure 56.03 or Tenn. Comp. R. and Regs. 0800-02-21-.18.

insurance policy, but it does not require the court to examine or interpret the terms of that contract.

*Martinez*, No. 2021-08-0059, 2023 TN Wrk. Comp. App. Bd. LEXIS 31, at \*14-15 (Tenn. Workers' Comp. App. Bd. July 12, 2023)

The example highlighted in *Martinez* is the exact scenario in the case at hand. Here, Insurer's motion did not ask the court to interpret provisions of the insurance policy or apply principles of contract law. Instead, Insurer challenged, as a factual matter, the date on which the alleged work injury occurred. As such, the court can, in appropriate circumstances, determine the date of an alleged injury for purposes of addressing whether that occurrence fell within a policy period. It is, in fact, an essential role of the trial court to resolve factual disputes in order to determine what benefits, if any, are owed.

Here, if this case proceeds to additional hearings, the trial court will be called upon to assess the evidence presented and resolve the factual dispute regarding the date of injury. However, as long as there remains a disputed issue of material fact regarding the date of injury, summary judgment is not appropriate. Once the factual dispute is resolved by the trial court, Insurer and Employer can then determine whether the alleged accident fell within the policy period.

## Conclusion

For the foregoing reasons, we affirm the court's denial of Insurer's motion and the court's order for medical benefits. Costs on appeal are taxed to Insurer.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Brantouris Glenn | ) | Docket Nos. 2022-05-0070A, B, C |
| | ) | |
| v. | ) | State File No. 800721-2022 |
| | ) | |
| Jameson Industries, LLC, et al. | ) | |
| | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Dale A. Tipps, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's order in the referenced case was sent to the following recipients by the following methods of service on this the 25th day of July, 2023.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Jennifer W. Arnold | | | | X | jarnold@arnold-lawyers.com |
| Christopher D. Markel | | | | X | cmarkel@markelfirm.com jdickey@markelfirm.com |
| J. Allen Callison | | | | X | allen.callison@mgclaw.com |
| Dale A. Tipps, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

Matthew Keene
Acting Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-532-1564
Electronic Mail: WCAppeals.Clerk@tn.gov