IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
December 4, 2024 Session

## MELISSA SALMON v. FELLOWSHIP BIBLE CHURCH OF WILLIAMSON COUNTY

**Appeal from the Chancery Court for Williamson County**
**No. 23CV-53127       Deanna B. Johnson, Chancellor**

_____

### No. M2024-00377-COA-R3-CV

_____

The plaintiff filed a declaratory judgment action seeking a declaration on whether a settlement agreement she signed in 2016 and amended in 2017 still requires her silence on the details of the alleged sexual abuse of her son in light of the 2018 enactment of Tenn. Code Ann. § 29-34-103, which makes such agreements "void and unenforceable as contrary to the public policy of this state." The trial court granted the defendant's motion to dismiss, issued a blanket sealing order, and held that the Attorney General and Reporter did not have to be notified of the action and that the plaintiff's interpretation of the statute would lead to unconstitutional retrospective application. We reverse the trial court's grant of the motion to dismiss, vacate the decisions on the remaining issues, and remand the matter for further proceedings consistent with this opinion,

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Reversed in Part, Vacated in Part, and Remanded**

ANDY D. BENNETT, J., delivered the opinion of the Court, in which FRANK G. CLEMENT, JR., P.J., M.S., and W. NEAL MCBRAYER, J., joined.

Daniel Alexander Horwitz and Melissa Kathleen Dix, Nashville, Tennessee, for the appellant, Melissa Salmon.

Alan Daniel Hall, Franklin, Tennessee, for the appellee, Fellowship Bible Church of Williamson County.

## OPINION

In 2014, a teenage volunteer at the Fellowship Bible Church ("the Church") was arrested and charged with sexual assault offenses relating to a child who had been in his care. In 2015, Ms. Salmon learned about the criminal case against the volunteer and

believed that he had engaged in similar conduct against her son. She brought a civil action against the Church on her son's behalf. The Church and Ms. Salmon settled the matter in 2016 with a settlement containing confidentiality and anti-disparagement provisions.

The settlement agreement was amended on May 11, 2017, to specifically state that the agreement did not prevent the parents or their child from cooperating with any investigations by the Department of Children's Services or any law enforcement or legal investigative authority or prevent them from discussing the alleged incident with medical professionals who are providing treatment to the child. It also reaffirmed the confidentiality provisions of the original settlement.

In May 2018, the Tennessee General Assembly enacted what became Tenn. Code Ann. § 29-34-103, which states:

> Notwithstanding any law to the contrary, any provision of a settlement agreement that has the purpose or effect of concealing the details relating to a claim of child sexual abuse, as defined in § 37-1-602, is void and unenforceable as contrary to the public policy of this state; except that identifying information concerning a victim of child sexual abuse shall be deemed and maintained as confidential.

On December 18, 2023, Ms. Salmon filed a declaratory judgment action in the Chancery Court of Williamson County requesting that the court declare the portions of the November 8, 2016, settlement agreement and the May 11, 2017 amendment to that agreement that have the purpose and effect of concealing the details of the child sexual abuse to be void and unenforceable due to the enactment of Tenn. Code Ann. § 29-34-103. The trial court granted the Church's motion to dismiss and found that the application of the statute to the agreements would be retrospective and in violation of Article I, Section 20 of the Tennessee Constitution. The trial court also found that the factual allegations of the complaint did not establish an actual dispute and that the potential harm to Ms. Salmon and her family outweighed the public interest in open records.

ANALYSIS

A trial court's decision to grant a Tenn. R. Civ. P. 12.02(6) motion to dismiss is reviewed de novo with no presumption of correctness. *Remus v. Nunn*, No. M2023-00589-COA-R3-CV, 2024 WL 1298975, at *3 (Tenn. Ct. App. Mar. 27, 2024) (citing *Lind. v. Beaman Dodge, Inc*., 356 S.W.3d 889, 894-95 (Tenn. 2011)). Our review is slightly different, however, when we examine such a motion in a declaratory judgment action. *See Blackwell v. Haslam*, No. M2011-00588-COA-R3-CV, 2012 WL 113655, at *7 (Tenn. Ct. App. Jan. 11, 2012). "Tennessee Rule of Civil Procedure 12.02(6) motions to dismiss are seldom appropriate in declaratory judgment actions provided there is an actual controversy

that may be resolved by means of a declaration of the parties' respective rights." *Id*. (citing *Cannon Cnty. Bd. of Educ. v. Wade*, 178 S.W.3d 725, 730 (Tenn. Ct. App. 2005)).

> When considering a motion to dismiss a declaratory judgment action it is important to recognize that the general purpose of a declaratory judgment action is not to award affirmative relief, but "*to resolve a dispute, afford relief from uncertainty with respect to rights, status, and other legal relations.*" *Wade*, 178 S.W.3d at 730 (emphasis added). In this context, the fact that the party seeking declaratory relief is not entitled to a favorable judgment—that he, she, or it will not prevail on the issue in controversy—does not mean that the parties are not entitled to the "relief from uncertainty that a declaratory judgment affords." *Id.* at 730.
>
> . . .
>
> [W]hat is essential is that the party seeking the declaratory judgment state facts sufficient to demonstrate the existence of an actual controversy concerning the matter at issue in the declaratory judgment action. See *Hudson*[*v. Jones* ], 278 S.W.2d [799,] 804 [Mo. Ct. App. 1955]; *see also* 1 Walter H. Anderson*, Actions for Declaratory Judgments* § 318, at 740 [2d ed. 1951].

*Id*. at *7-8.

Ms. Salmon's complaint pleaded the following facts sufficient to demonstrate that an actual controversy existed: Ms. Salmon is currently restricted by certain provisions in a settlement agreement whose purpose and effect is to conceal details of sexual abuse of her son; subsequent to execution of the agreement a law was passed declaring such provisions contrary to Tennessee public policy; Ms. Salmon thinks the statute frees her from remaining silent about the abuse and wants a declaration to that effect and she also wants a "negative injunction" forbidding the Church from enforcing the settlement agreement and the amendment to it. So, the controversy is: does Tenn. Code Ann. § 29-34-103 apply to allow Ms. Salmon to discuss the details of her son's abuse or does it not. This controversy involves questions of statutory interpretation and constitutional law. Furthermore, we note that the trial court granted the Church's motion to dismiss and then ruled on the merits. As we have said before, doing so "illustrates that there was a controversy for the trial court to decide." *Karsonovich v. Kempe*, No. M2017-01052-COA-R3-CV, 2018 WL 1091735, at *3 (Tenn. Ct. App. Feb. 27, 2018).

The trial court erred in granting the motion to dismiss because there was an actual controversy. Therefore, we reverse the trial court's decision that no controversy existed and remand the matter for further proceedings consistent with this opinion. Our decision pretermits the remaining issues; consequently, we are vacating the remainder of the trial court's decision, leaving the trial court and parties free to reconsider the importance of

notice to the Attorney General and Reporter pursuant to Tenn. R. Civ. P. 24.04 and the limitations on blanket sealing of records.

CONCLUSION

The judgment of the trial court is reversed in part, vacated in part, and remanded for further proceedings consistent with this opinion. Costs of this appeal are assessed against the appellee, Fellowship Bible Church of Williamson County, for which execution may issue if necessary.


/s/ Andy D. Bennett
ANDY D. BENNETT, JUDGE