FRED B. FRAZIER *v.* CITY OF CHATTANOOGA.*

(*Knoxville.* September Term, 1927.)

Opinion filed  January 21, 1928.

### 1. ACTS OF LEGISLATURE. LEGISLATIVE INTENT. MUNICIPALITY. POWER.

Where it appears that a legislative act conferring upon a city government "the powers conferred by this Act in addition to those now possessed by it" is amended by a subsequent Act so as to confer "the following powers on said city in addition to the powers heretofore granted," discloses that there was a legislative intent that the powers therein conferred upon the city should not be exclusive, only, in lieu of those previously granted but shall be in addition to the existing powers thereof. (Post, p. 347.)

Citing: Private Acts 1907, chapter 149; Private Acts 1927, chapter 457; Rockwood v. Rogers, 154 Tenn. (1 Smith), 638.

### 2. DECLARATORY JUDGMENT LAW. PRACTICE. DEMURRER. DECREE.

Where a bill is filed under the Declaratory Judgment Law for the purpose of having a statute construed and a demurrer is filed the better practice is to enter a decree, sometimes referred to as a declaration, defining the rights of the parties under the issues made, even though such decree is adverse to the contentions of the bill. (Post, p. 348.)

Citing: Acts of 1923, chapter 29.

---

*Headnotes 1. Municipal Corporations, 28 Cyc., p. 942; 2. Judgments, 33 C. J., section 57.

---

FROM HAMILTON.

---

Appeal from the Chancery Court of Hamilton County. —HON. W. B. GARVIN, Judge.

RANKIN, FRAZIER & ROBERTS, for complainant.

TATUM, ANDERSON & TATUM, for defendant.

MR. JUSTICE SWIGGART delivered the opinion of the Court.

Complainant's bill asks for a declaratory judgment as to whether chapter 149 of the Private Acts of 1907 is repealed by implication by chapter 457 of the Private Acts of 1927.

Both acts confer powers upon the City of Chattanooga with respect to local improvements, with provisions for the assessment of a portion of the costs against abutting property and property benefited by the improvements. Both are in form amendments to the charter of the City of Chattanooga.

(1) In section 1 of the Act of 1907 it is provided that the charter is amended so as to confer upon the city government "the powers conferred by this act, in addition to those now possessed by it."  .

In the Act of 1927, section 1, it is provided that the charter is amended "so as to confer the following powers on said city in addition to the powers heretofore granted."

It thus appears that by express provision, the Act of 1927 discloses a legislative intention that the powers therein conferred upon the city should not be exclusive nor in lieu of those previously granted, but should be in addition to the existing powers of the city government.

The Chancellor was of the opinion that the question at issue is controlled by the principles stated in the opinion of this court in *City of Rockwood* v. *Rodgers,* 154 Tenn., 638, and accordingly sustained the first two grounds of the city's demurrer. In this holding of the Chancellor we concur.

In this view of the cause, it is unnecessary to pass upon the third ground of the city's demurrer, also sustained by the Chancellor, to the effect that even though the Act of 1907 be considered as having been repealed by the Act of 1927, the city might still proceed to the completion of improvements and the making of assessments therefor under the Act of 1907, because commenced and under way prior to the passage of the Act of 1927.

*(2)* Upon sustaining the city's demurrer, the Chancellor entered a decree dismissing complainant's bill. It seems to us that the better practice in a case brought under the Declaratory Judgment Law, Acts 1923, chapter 29, is to enter a decree, sometimes referred to as a "declaration," defining the rights of the parties under the issues made, even though such decree is adverse to the contentions of the bill.

A decree will accordingly be entered in this court adjudging that the Acts of 1907, chapter 149, is not repealed by the subsequent enactment of the Acts of 1927, chapter 457.

The costs will be adjudged against the complainant.