KIVETT *v.* RUNIONS.

(*Knoxville*, September Term, 1949.)

(May Session, 1950.)

Opinion filed June 9, 1950.

J. KYLE KIVETT, of Tazewell, R. R. KRAMER and JACK-SON C. KRAMER, of Knoxville, for appellant.

JOHN P. DAVIS, of Tazewell, for appellees.

MR. CHIEF JUSTICE NEIL delivered the opinion of the Court.

This suit was instituted by J. Kyle Kivett in his official capacity as County Judge of Claiborne County and as a taxpayer of said county against Lucy Robinson, County Court Clerk, Homer P. Runions, County Trustee, and the several Justices of the Peace composing the Quarterly County Court, seeking a Declaratory Judgment, or decree, upon the validity of a resolution which provided for the levy and collection of a tax of $0.14, the proceeds derived from such tax to be used for the repair of bridges in the county. The resolution reads as follows:

"Whereas, it has come to the attention of the Members of the Quarterly County Court that the bridges of the rural roads of Claiborne County are becoming impassable, are in a dangerous condition and need repairs, and

"Whereas, it has been brought to the attention of this Court that there is no money available or designated for the building of bridges.

"Be It Resolved, that the Budget for the years 1949-50 be amended so that a fund may be set up as a Bridge Fund for the fiscal year, and is hereby appropriated sums for said purpose, and that the tax levy for this need be set at 14c and that same shall become a part of and be added to the Budget for the fiscal year 1949-50.

"Be It Further Resolved, that all funds derived from the said 14c levy be used on the bridges of the Rural Roads in Claiborne County, and that after the rebuilding and repairing of all said bridges that any excess shall be used for the approaches to said bridges or used on the Rural Roads to the best interest of the Citizens of Claiborne County.

"Be It Further Resolved, that each District in Claiborne County shall have equal representation in the distribution of said fund."

The bill alleges that the foregoing resolution was adopted as an amendment to the regular county budget as of July 4, 1949; that complainant, "as County Judge and Disbursing Officer of the County and as a citizen and tax payer of the County", seeks a Declaratory Judgment to determine the legality of the resolution. It is alleged that if the assessment is illegal the complainant would be in the position of "disbursing funds illegally procured." The bill further alleges that "the attempted 14c levy is illegal because no money appropriation is made in said

resolution as required by Chapter 559, Private Acts of 1939, which applies to Claiborne County", and that, "in no event, shall funds be expended without a specific appropriation setting out the exact amount thereof", that the resolution is invalid "because the Quarterly County Court was without legal authority to make said levy".

The defendants demurred to the bill upon the following grounds:

"1st—There is no Equity in the bill.

"2nd—The question raised is moot and a decision in this cause would not be final and binding.

"3rd—The complainant has no right to the relief sought.

"4th—The complainant has no right to maintain this suit as a citizen and taxpayer showing no special interest in the matters concerned.

"5th—The questions raised are political in nature."

The Chancellor sustained the second and third ground of the demurrer, but held that under *Frazier* v. *City of Chattanooga,* 156 Tenn. 346, 1 S. W. (2d) 786, the complainant was entitled to a declaration. The decree of the Chancellor is not made a part of the record. But his memorandum opinion is to the effect that complaints of alleged illegality of the resolution, and the authority of the Quarterly County Court to adopt it, are not well founded. In other words he held that it was entirely lawful to levy and collect the tax for the purposes declared in the resolution.

The complainant appealed and has assigned this as error. We have given careful consideration to the briefs of counsel and feel constrained to agree with the Chancellor.

■ Chapter 559, Private Acts of 1939, relied on by the complainant, relates to the fiscal affairs of Claiborne County. It provides, among other things, for an "annual budget", that the budget committee shall estimate the amount of money required to meet current expenses of the county, including payment of interest on county bonds, and for penalties against county officials for failure to observe its requirements. We find nothing in this Private Act in contravention of the general law relating to the expenditure of money for building and repair of bridges and general road purposes.

The resolution herein assailed provides for a 14c bridge tax to be added to the budget for the fiscal year 1949-1950. The amount of money to be collected under the 14c tax levy is easy of calculation, as pointed out by the Chancellor in his opinion. This fund cannot be appropriated until some authority determines the number of bridges to be repaired and the cost thereof.

There is nothing before us indicating that the taxpayer is not able to determine from the record filed by the budget committee just what sum has been or will be used for the repair of bridges of the county, as well as the amount available for future needs.

Section 3018 of the Code authorizes counties to *build* bridges and to levy a tax for that purpose. Section 3023 provides for the levy of a tax for *building* bridges not to exceed 20c on the $100.00 in any year. Section 3024 provides that if the cost of such bridge or bridges will exceed the amounts raised by such taxation the excess may be provided for by the sale of interest bearing warrants or bonds, etc. Section 3016 of the Code provides that "The county court shall have power to *build, repair,* and *maintain* bridges and highways, and pay for same out of general county funds" etc.

■ It is conceded that county courts possess no powers of taxation except those conferred by statute.

The appellants contend that the Code Sections above referred to authorize a special tax only for building bridges, not for repairing them, and that the cost of repairs must be paid out of the general county fund. In *N. C. & St. L.* v. *Carroll County*, 12 Tenn. App. 380, the county court levied "a special bridge tax of $0.11". The tax was held to be valid although it was levied upon property inside incorporated towns though the county constructed no bridges therein. While the levy of the 11c bridge tax does not specify it was for "repairs" it manifestly was used for that purpose. No contention was made to the contrary, and it was apparently conceded that it was a valid assessment upon property outside the limits of the municipalities. Thus in the instant case the 14c "for bridge repairs" was added to the budget as a special levy because there were no funds available after all other county purposes had been provided for.

■■ The Code Sections, to which we have referred authorizing county courts to levy a special tax for *building* bridges, by clear implication, justify the levying of a special tax to repair them. It is hardly to be conceived that the legislature would authorize county courts to levy a special tax to build a bridge and limit their authority to make repairs out of the general county fund. If the revenue derived from the general tax levy is insufficient to provide for all necessary county purposes, including the repair of bridges, must the Quarterly Court allow bridges to become impassable and refuse to make repairs until the legislature can meet and authorize it to levy a special tax for that purpose? We think not.

Moreover if the Quarterly Court may enter into a binding contract for the repair of bridges, it could be compelled by mandamus to levy a special tax to meet its contractual obligation, there being no funds available for that purpose. If a special tax is levied for bridge repairs, as in the instant case, the amount of money thus collected could not be used for any other purpose, for to do so would be a fraud upon the taxpayers of the county. *State ex rel. Campbell County* v. *Delinquent Taxpayers*, 183 Tenn. 64, 191 S. W. (2d) 153.

We have given full consideration to other contentions made by counsel for complainant but do not deem them to have sufficient merit to justify a reversal of this case. The Chancellor's decree is affirmed.

All concur.