FILED
05/03/2024
Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
April 9, 2024 Session

## TIMBERLAKE HOMEOWNERS' ASSOCIATION, INC. v. TIMBERLAKE DEVELOPMENT, LLC, ET AL.

**Appeal from the Chancery Court for Knox County**
No. 203640-2          Richard B. Armstrong, Jr., Chancellor

_____

**No. E2023-00808-COA-R3-CV**

_____

This is an appeal from the trial court's order dismissing, for failure to state a claim upon which relief could be granted, an action for declaratory judgment filed by the petitioner homeowners' association against the respondent developer. The developer had formed the homeowners' association to oversee the development of Timberlake Subdivision in Knox County and had executed a declaration of covenants and restrictions that provided, *inter alia*, that the developer retained the exclusive right to appoint a three-member review board to oversee construction of the subdivision until such time as the developer assigned its rights to the homeowners' association. The declaration also included a waiver provision that enabled the developer to unilaterally amend and waive any portion of the declaration at any time. In October 2020, the developer and homeowners' association executed and recorded a document assigning to the homeowners' association the developer's rights to appoint members to the review board, expressly excluding from the assignment any lots still owned by the developer or its affiliate company. The developer then executed a waiver document waiving its obligation to submit its remaining lots to board review. The homeowners' association filed a complaint for declaratory judgment, seeking a declaration from the trial court that (1) the developer had assigned to the homeowners' association all rights to appoint members of the oversight board; 2) there existed only one oversight board, which was now controlled by the homeowners' association; and (3) the waiver document was null and void. Upon a motion to dismiss filed pursuant to Tennessee Rule of Civil Procedure 12.02(6) by the developer, the trial court dismissed the declaratory judgment action for failure to state a claim upon which relief could be granted, finding that the declaration, the assignment, and the waiver documents were unambiguous as a matter of law and that they granted the developer the power to retain oversight of its lots and to waive any portion of the declaration. The trial court further determined that because the president of the homeowners' association had signed the assignment, the homeowners' association was estopped from arguing that the developer had assigned all authority to appoint members to the review board to the association. The homeowners' association filed a motion to alter or amend the judgment, arguing, *inter alia*, that dismissal of a declaratory

judgment action based on a motion to dismiss pursuant to Tennessee Rule of Civil Procedure 12.02(6) is generally improper and that the trial court should instead have declared the rights and obligations of the parties with respect to the documents. The trial court denied the motion to alter or amend and the homeowners' association timely appealed. Upon careful review, we find that the trial court improperly dismissed the declaratory judgment action for failure to state a claim after determining that the documents at issue were unambiguous as a matter of law and essentially declaring the rights of the parties. Accordingly, we vacate the trial court's dismissal of the complaint and its award of attorney's fees to the developer based on that dismissal, and we affirm that portion of the trial court's order declaring certain rights and responsibilities of the parties.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed in Part, Vacated in Part; Case Remanded**

THOMAS R. FRIERSON, II, J., delivered the opinion of the court, in which JOHN W. MCCLARTY and KRISTI M. DAVIS, JJ., joined.

F. Clinton Little, Knoxville, Tennessee, for the appellant, Timberlake Homeowners' Association, Inc.

W. Edward Shipe, Avery C. Lovingfoss, and Molli A. Guinn, Knoxville, Tennessee, for the appellees, Timberlake Development, LLC, and Smithbilt, LLC.

**OPINION**

I. Factual and Procedural Background

Timberlake Subdivision ("Timberlake") is a residential subdivision located in Knox County, developed by the respondent, Timberlake Development, LLC ("Developer"). On September 16, 2000, Developer adopted a "Declaration of Covenants and Restrictions of Timberlake Subdivision (Phase I)" ("the Declaration"). To enforce the provisions of the Declaration, Developer created the petitioner, Timberlake Homeowners' Association ("HOA"), a nonprofit corporation.

Article XII of the Declaration governs the formation and responsibilities of an Architectural Review Committee ("ARC") whose purpose is to review and approve any plans for building on the Timberlake lots. The section provides in pertinent part:

The [ARC] shall be composed of three members appointed by [Developer]. . . . [Developer] shall continue to have the exclusive authority to appoint the Members of the [ARC] until such time as it shall in writing expressly confer such authority to [HOA].

2

On May 14, 2001, the Declaration was amended to add the Charter and Bylaws of the HOA.[1] In relevant part, the bylaws provide: "The terms and provisions of [the] Charter and [Declaration] are incorporated herein by reference and shall be controlling wherever the same may be in conflict herewith."

On October 16, 2020, Developer and HOA executed and recorded an "Assignment of Developer's Right to Appoint ARC Members" ("the Assignment") in accordance with the provisions in Articles XII and XXIV of the Declaration. Article XXIV of the Declaration provides in pertinent portion: "Any and all of the rights and powers, titles, easements and estates reserved or given to [Developer] in [the Declaration] may be assigned to any one or more corporations or assigns." The Assignment states in pertinent part:

> KNOW ALL BY THESE PRESENTS, [Developer] hereby transfers and assigns to [HOA] its authority to appoint members to the [ARC], in accordance with Article XII of the [Declaration] of Timberlake Subdivision (Phase I) . . . for all Lots not owned by [Developer] or Smithbilt, LLC. The parties acknowledge and agree that [Developer] shall retain ARC authority over excluded Lots for so long as such Lots are owned by [Developer] or Smithbilt, LLC; and
>
> FURTHER, [HOA] hereby accepts such assignment and the rights and powers granted thereunder[.]

(Emphasis added.) The Assignment was agreed upon and signed by Developer's chief manager and the HOA president, notarized as to both parties, and recorded with the Knox County Register of Deeds.

On June 29, 2021, Developer unilaterally executed an "Architectural Review Committee Waiver" (the "Waiver") pursuant to Article XXIII of the Declaration, which provides in pertinent part:

WAIVER AND MODIFICATIONS

> Developer hereby reserves the right in its absolute discretion at any time to annul, waive[,] change or modify any of the restrictions, conditions or covenants contained herein[.]

In accordance with this provision, the Waiver document states:

---

[1] In its appellate brief, HOA asserts that "[o]n or about April 2014, [Developer] assigned all its membership interest in [HOA] to the lot owners of [Timberlake], effectively relinquishing control of same." However, there is no document in the record memorializing such an assignment of authority.

3

KNOW ALL BY THESE PRESENTS, [Developer] has exercised its right reserved in Article XXIII of the Declaration to, in its absolute discretion and at any time, waive any restriction or condition of the Declaration. [Developer] has waived all restrictions and conditions in Article XII ([ARC]) of the Declaration[] otherwise applicable to those Lots owned by [Developer] or Smithbilt, LLC or to [Developer] or Smithbilt, LLC, as Owners of such Lots, for so [long] as these Lots continue to be owned by either [Developer] or Smithbilt, LLC. Pursuant to this [Waiver], by way of illustration only, [Developer] and Smithbilt, LLC shall not be required to submit plans and specification to the [ARC] for approval, shall not be prohibited from erecting or modifying buildings on Lots owned by either even absent [ARC] approval, shall not be required to obtain [ARC] approval of any builder or landscaper, and shall not be required to permit the [ARC] to inspect the buildings on any Lot for which Article XII conditions and restrictions have been waived.

After the Assignment and Waiver documents were executed, HOA filed a Petition for Declaratory Judgment with the Knox County Chancery Court ("trial court") asking the trial court to declare that (1) "only one [ARC] exists with regard to any lot in [Timberlake]"; (2) Developer "assigned all its power to appoint ARC Members to [HOA]" when it executed the Assignment; (3) the Waiver is "null and void" because the Declaration does not permit a "retroactive waiver with regard to the ARC's authority over lots owned by [Developer] or Smithbilt, LLC"; and (4) any lots owned by Developer and Smithbilt, LLC, remain subject to HOA-controlled ARC restrictions.

Developer moved to dismiss the action for failure to state a claim upon which relief could be granted pursuant to Tennessee Rule of Civil Procedure 12.02(6). Subsequently, the trial court entered an agreed order joining Smithbilt, LLC, as an indispensable and necessary party pursuant to Tennessee Rule of Civil Procedure 19.01. In turn, Smithbilt, LLC, adopted Developer's motion to dismiss. Following a hearing conducted on October 12, 2022, the trial court entered a final order wherein the court (1) determined that the Declaration, the Assignment, and the Waiver documents were unambiguous and should be interpreted as a matter of law, (2) included several paragraphs of findings and determinations concerning the parties' respective rights predicated on the trial court's interpretation of those documents, and (3) dismissed with prejudice the petition for declaratory judgment for failure to state a claim upon which relief can be granted pursuant to Rule 12.02(6). The court also determined that HOA was "estopped from arguing that Developer assigned all authority to appoint members to the [ARC]" because both parties had executed the Assignment in agreement. The trial court then awarded to Developer attorney's fees pursuant to Tennessee Code Annotated Section 20-12-119(c) (West July 1, 2012, to current) (providing for an award of attorney's fees to the prevailing party on a successful motion to dismiss pursuant to Tennessee Rules of Civil Procedure 12).

4

HOA filed a motion to alter or amend the trial court's order pursuant to Tennessee Rule of Civil Procedure 59.04, arguing that the trial court should not have dismissed the action pursuant to Rule 12.02(6) and instead should have proceeded to render a judgment declaring the respective rights of the parties. HOA also objected to the fact that counsel for Developer had prepared the final order and argued that the order did not comport with the requirements for "party-prepared" orders set forth by the Tennessee Supreme Court in *Smith v. UHS of Lakeside, Inc.,* 439 S.W.3d 303, 316 (Tenn. 2014).[2] HOA further contended that Developer had presented "improper evidence from outside the pleadings" during the hearing on the motion to dismiss and that the trial court had awarded attorney's fees to Developer without affording HOA an opportunity to cross-examine Developer's attorneys or otherwise put on its own proof regarding said fees.

Developer filed a response in opposition to the motion to alter or amend, asserting that to the extent the trial court believed that an order on a motion to dismiss was "not the correct vehicle, it ha[d] the power to alter the Order and, instead title it a final 'declaratory judgment.'" Developer posited that the trial court had already ruled "on the legal interpretation of the documents at issue" and thereby could "grant final relief now, without further proceedings." Developer included as an exhibit to its opposition a proposed "Declaratory Judgment and Order." The trial court subsequently entered an order on May 2, 2023, denying the motion to alter or amend in full and declining to enter Developer's proposed declaratory judgment order. Instead, the trial court *sua sponte* amended its order to add that if Developer prevailed "following the exhaustion of all appeals[,]" it would be entitled to "attorney's fees and expenses up to $10,000 under Tenn. Code Ann. § 20-12-119." HOA timely appealed.

## II. Issues Presented

HOA presents two issues for this Court's review, which we have combined and restated as follows:

1.      Whether the trial court erred by granting Developer's motion to dismiss and by dismissing HOA's Petition for Declaratory Judgment.

Developer presents the following additional issue, which we have restated slightly:

---

[2] HOA also asserts on appeal that the party-prepared order was improper. However, because HOA did not properly include this argument in the issue section of its appellate brief, the issue is waived. *See* Tenn. R. App. P. 27(a)(4) ("The brief of the appellant shall contain under appropriate headings . . . a statement of the issues presented for review[.]"); *Hodge v. Craig*, 382 S.W.3d 325, 335 (Tenn. 2012) ("[A]n issue may be deemed waived when it is argued in the brief but is not designated as an issue in accordance with [Tennessee Rule of Appellate Procedure] 27(a)(4)"); *see also Forbess v. Forbess*, 370 S.W.3d 347, 356 (Tenn. Ct. App. 2011) ("We may consider an issue waived where it is argued in the brief but not designated as an issue.").

2.	Whether the trial court properly interpreted the Declaration, Assignment, and Waiver documents in making its declaratory judgment ruling.

### III.  Standard of Review

Generally, our standard of review is *de novo* with a presumption of correctness as to the trial court's findings of fact unless the preponderance of the evidence is otherwise. Tenn. R. App. P. 13(d); *McCarty v. McCarty*, 863 S.W.2d 716, 719 (Tenn. Ct. App. 1992). No presumption of correctness attaches to the trial court's legal conclusions. *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn.1993).

Regarding our review of a trial court's dismissal of an action pursuant to Tennessee Rule of Civil Procedure 12.02(6), our Supreme Court has explained:

> A Rule 12.02(6) motion to dismiss only seeks to determine whether the pleadings state a claim upon which relief can be granted. Such a motion challenges the legal sufficiency of the complaint, not the strength of the plaintiff's proof, and, therefore, matters outside the pleadings should not be considered in deciding whether to grant the motion. In reviewing a motion to dismiss, the appellate court must construe the complaint liberally, presuming all factual allegations to be true and giving the plaintiff the benefit of all reasonable inferences. It is well-settled that a complaint should not be dismissed for failure to state a claim unless it appears that the plaintiff can prove no set of facts in support of his or her claim that would warrant relief. Great specificity in the pleadings is ordinarily not required to survive a motion to dismiss; it is enough that the complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief."

*Trau-Med of Am., Inc. v. Allstate Ins. Co.*, 71 S.W.3d 691, 696 (Tenn. 2002) (internal citations omitted).

When, as here, the trial court has dismissed a declaratory judgment action pursuant to Rule 12.02(6):

> [T]he standard by which we review a Rule 12 dismissal of the complaint is somewhat different from that applied in most civil actions. This is because, as this court explained in *Cannon Cnty. Bd. of Educ. v. Wade*, 178 S.W.3d 725 (Tenn. Ct. App. 2005), Tennessee Rule of Civil Procedure 12.02(6) motions to dismiss are seldom appropriate in declaratory judgment actions *provided* there is an actual controversy that may be resolved by means of a declaration of the parties' respective rights. *Id*. at 730 (citing *Glover v. Glendening*, 376 Md. 142, 829 A.2d 532, 539 (Md. 2003)).

6

*Blackwell v. Haslam*, No. M2011-00588-COA-R3-CV, 2012 WL 113655, at *7 (Tenn. Ct. App. Jan. 11, 2012).

We review issues of contract interpretation *de novo*. *See Dick Broad. Co., Inc. of Tenn. v. Oak Ridge FM, Inc.*, 395 S.W.3d 653, 659 (Tenn. 2013). As this Court has previously explained:

> In resolving a dispute concerning contract interpretation, our task is to ascertain the intention of the parties based upon the usual, natural, and ordinary meaning of the contract language. *Planters Gin Co. v. Fed. Compress & Warehouse Co., Inc.*, 78 S.W.3d 885, 889-90 (Tenn. 2002) (citing *Guiliano v. Cleo, Inc.*, 995 S.W.2d 88, 95 (Tenn. 1999)). A determination of the intention of the parties "is generally treated as a question of law because the words of the contract are definite and undisputed, and in deciding the legal effect of the words, there is no genuine factual issue left for a jury to decide." *Planters Gin Co.*, 78 S.W.3d at 890 (citing 5 Joseph M. Perillo, *Corbin on Contracts*, § 24.30 (rev. ed. 1998); *Doe v. HCA Health Servs. of Tenn., Inc.*, 46 S.W.3d 191, 196 (Tenn. 2001)). The central tenet of contract construction is that the intent of the contracting parties at the time of executing the agreement should govern. *Planters Gin Co.*, 78 S.W.3d at 890. The parties' intent is presumed to be that specifically expressed in the body of the contract. "In other words, the object to be attained in construing a contract is to ascertain the meaning and intent of the parties as expressed in the language used and to give effect to such intent if it does not conflict with any rule of law, good morals, or public policy." *Id.* (quoting 17 Am. Jur. 2d, *Contracts*, § 245).

*Kafozi v. Windward Cove, LLC*, 184 S.W.3d 693, 698 (Tenn. Ct. App. 2005). "Courts must look at the plain meaning of the words in a contract to determine the parties' intent. If the contractual language is clear and unambiguous, the literal meaning controls. . . ." *Allmand v. Pavletic*, 292 S.W.3d 618, 630 (Tenn. 2009) (internal citation omitted).

IV. Dismissal of Declaratory Judgment Action pursuant to
Tennessee Rule of Civil Procedure 12.02(6)

HOA posits that the trial court erred in dismissing its petition for declaratory judgment pursuant to Tennessee Rule of Civil Procedure 12.02(6) because Tennessee courts generally disfavor dismissals of declaratory judgment actions for failure to state a claim upon which relief can be granted. HOA also argues that the trial court did not follow the standard for a Rule 12 dismissal because it considered facts "outside the pleadings" that were improperly introduced by Developer in its motion to dismiss, and did not accept all of HOA's "factual averments as true."

Regarding dismissal of a declaratory judgment action pursuant to Tennessee Rule of Civil Procedure 12.02(6), this Court has explained:

> Tenn. R. Civ. P. 12.02(6) motions are rarely appropriate in declaratory judgment actions. *See Glover v. Glendening*, 376 Md. 142, 829 A.2d 532, 539 (2003). The prevailing rule is that when a party seeking a declaratory judgment alleges facts demonstrating the existence of an actual controversy concerning a matter covered by the declaratory judgment statute, the court should not grant a Tenn. R. Civ. P. 12.02(6) motion to dismiss but, instead, proceed to render a declaratory judgment as the facts and law require. *Hudson v. Jones*, 278 S.W.2d 799, 804 (Mo. Ct. App. 1955); 1 Walter H. Anderson, *Actions for Declaratory Judgments*, § 318, at 740 (2d ed. 1951).

> The Tennessee Supreme Court followed this protocol in *Frazier v. City of Chattanooga*, 156 Tenn. 346, 1 S.W.2d 786 (1928). A resident of Chattanooga sought a declaratory judgment concerning whether a private act conferring powers on the City of Chattanooga had been repealed by implication by another private act. The City filed a demurrer, being the former equivalent of today's Tenn. R. Civ. P. 12.02(6) motion to dismiss for failure to state a claim. Rather than ruling against the resident on the merits of the case, the trial court sustained the City's demurrer (dismissed the action). The Tennessee Supreme Court observed: "It seems to us that the better practice in a case brought under the Declaratory Judgment Law . . . is to enter a decree, sometimes referred to as a 'declaration,' defining the rights of the parties under the issues made, even though such decree is adverse to the contentions in the bill." *Frazier*, 1 S.W.2d at 786.

> The purpose of a declaratory judgment action is to resolve a dispute, afford relief from uncertainty with respect to rights, status, and other legal relations. *Snow v. Pearman*, 222 Tenn. 458, 436 S.W.2d 861, 863 (1968); Tenn. Code Ann. § 29-14-103 (2000). The fact that the party seeking declaratory relief is not entitled to the judgment sought (that it is on the losing side of the controversy) does not mean that the parties are not entitled to the relief from uncertainty that a declaratory judgment affords. Thus, a party seeking a declaratory judgment is not required to allege facts in its complaint demonstrating that it is entitled to a favorable decision. *Maguire v. Hibernia Savings & Loan Society*, 23 Cal.2d 719, 146 P.2d 673, 678 (1944) (holding a complaint for declaratory relief which recites the dispute between the parties and prays for a declaration of rights, states facts sufficient to constitute a cause of action against a motion to dismiss for insufficiency of the complaint although it is on the wrong side of the controversy); *see also*

*State v. Brown & Williamson Tobacco Corp.*, 18 S.W.3d 186 (Tenn. 2000)
(holding the essential element to be a justiciable controversy exists.)

*Cannon Cnty. Bd. of Educ. v. Wade*, 178 S.W.3d 725, 730 (Tenn. Ct. App. 2005).

Significantly, both parties rely heavily on *Wade* in their appellate briefs to argue that the better practice in a declaratory judgment action is for the trial court to declare the respective rights of the parties. We agree that *Wade* and other relevant case law stands for the principle that in a declaratory judgment action, a trial court should, when appropriate, declare the respective rights of the parties in order to grant parties "the relief from uncertainty that a declaratory judgment affords." *Id*.; *see also Parsley v. City of Manchester*, No. M2021-00200-COA-R3-CV, 2021 WL 6139210, at *4-5 (Tenn. Ct. App. Dec. 20, 2021); *Karsonovich v. Kempe*, No. M2017-01052-COA-R3-CV, 2018 WL 1091735, AT *2-5 (Tenn. Ct. App. Feb. 27, 2018) (reversing the trial court's dismissal of the declaratory judgment complaint pursuant to Rule 12.02(6) but affirming the trial court's declaration on the merits); *Blackwell*, 2012 WL 113655, at *1, 7-8 (relying on *Wade* and reversing the trial court's Rule 12.02(6) dismissal of a declaratory judgment action).

In *Blackwell*, this Court considered an appeal of a trial court's dismissal of a declaratory judgment action pursuant to Rule 12.02(6) wherein the trial court did not declare the parties' respective rights. *See* 2012 WL 113655, at *9. This Court reversed the trial court's Rule 12.02(6) dismissal, reinstated the complaint for declaratory judgment, and remanded the matter to the trial court to determine the respective rights of the parties. *Id.* at *10. The *Blackwell* Court explained that its review on appeal was "hampered" by the trial court's dismissal of the matter "without an expressed declaration of the parties' respective rights." *Id.* at *9 (citing *Wade*, 178 S.W.3d at 730 and *Frazier*, 1 S.W.2d at 786).

By contrast, in *Karsonovich*, the trial court had dismissed a post-divorce declaratory judgment complaint on the defendant's Rule 12.02(6) motion, granted the defendant her attorney's fees pursuant to Tennessee Code Annotated § 20-12-119(c), and then proceeded to declare the rights of the parties, specifically that the alimony provision at issue was unambiguous and not violative of public policy. *Karsonovich*, 2018 WL 1091735, at *1. On appeal, the *Karsonovich* Court reversed the trial court's Rule 12.02(6) dismissal and related grant of attorney's fees, but, after conducting its own independent review, affirmed the trial court's ruling on the merits of the declaratory judgment complaint. *Id*. In so determining, the *Karsonovich* Court concluded:

> The trial court granted Ms. Kempe's motion to dismiss and then ruled on the merits of the complaint. This illustrates that there was a controversy for the trial court to decide. Therefore, the trial court erred in granting Ms. Kempe's motion to dismiss because there was an actual controversy which it subsequently ruled on.

9

Next, we elect to rule on the merits of Mr. Karsonovich's petition. Generally, in order to preserve judicial resources, we prefer to rule on the merits of the case. *Blackwell*, 2012 WL 113655, at *10 (citing *Lindsay v. Drane*, 285 S.W. 705 (Tenn. 1926), and *Parlor v. Buckner*, 300 S.W. 565 (Tenn. 1927). The *Blackwell* court chose not to rule on the merits because the case presented constitutional issues to which the State had yet to respond and it was possible the court needed to consider additional facts. However, the present case is distinguishable because both parties briefed the issues and there does not appear to be a need for any additional facts.

*Karsonovich*, 2018 WL 1091735, at *3.

In the instant case, the trial court's actions were more similar to those in *Karsonovich* than in *Blackwell* because here, as in *Karsonovich*, the trial court dismissed the case pursuant to Rule 12.02(6) and then proceeded to declare the parties' respective rights in its order of dismissal after both parties had fully briefed the issues and all relevant facts had been presented.

The facts and procedure in *Parsley*, 2021 WL 6139210, are instructive because they are very similar to the case at bar. In *Parsley*, the plaintiff had filed a complaint for declaratory judgment seeking a ruling that he, as the "next highest vote getter" in the most recent election for the Board of Aldermen of the City of Manchester, was entitled to fill a "mid-term vacancy on the Board" when a seat became vacant. *See id.* at *1. The trial court, upon motion by the city, had dismissed the complaint for failure to state a claim after determining that the unambiguous language of the city's charter document did not entitle the plaintiff to the vacant seat. *Id.* at *3. The trial court explained that it would not have dismissed the complaint had the court "interpreted the Charter language to entitle Plaintiff to the Alderman position or [found] that it was unclear whether or not Plaintiff was entitled to the position[.]" *Id.*

On appeal, the *Parsley* Court determined that the trial court's decision to dismiss the declaratory judgment complaint pursuant to Rule 12 constituted procedural error but also discerned that such error was harmless because the court had contemporaneously declared the rights of the parties:

"A final judgment from which relief is available and otherwise appropriate shall not be set aside unless, considering the whole record, error involving a substantial right more probably than not affected the judgment or would result in prejudice to the judicial process." Tenn. R. App. P. 36(b). As the City correctly contends, the procedural error in disposing of the case under Rule 12.02(6) was harmless because the trial court essentially "declared" that Plaintiff had no rights under the Charter as "the next highest

10

vote getter." Moreover, we agree with the trial court's determination that Plaintiff is not entitled to fill the vacancy.

*Id.* at *7. After conducting an independent review of the merits of the case, the *Parsley* Court remanded the matter to the trial court with instructions for the court to enter a judgment holding that the plaintiff was not entitled to fill the Board vacancy as established by the plain language of the city charter. *Id.*

As in *Parsley*, the trial court herein dismissed HOA's complaint for declaratory judgment pursuant to Rule 12.02(6) while also declaring certain rights of the parties upon determining that the Declaration, Assignment, and Waiver were unambiguous and could be interpreted as a matter of law. Specifically, the trial court ruled:

> The three documents [the Declaration, the Assignment, and the Waiver] are unambiguous and must therefore be interpreted as a matter of law.
>
> [Developer] retained [ARC] control over all lots in [Timberlake] through the [Declaration].
>
> The Assignment expressly assigned [HOA] authority to appoint members to the [ARC] **only** for those lots that either [Developer] or Smithbilt, LLC did <u>not</u> own.
>
> The Assignment also expressly states that [Developer] retained its [ARC] authority over the lots it or Smithbilt, LLC owns.
>
> Because both [Developer] and the President of [HOA] signed the Assignment, [HOA] is estopped from arguing that [Developer] assigned all authority to appoint members to the [ARC].
>
> As an alternative to the aforementioned factual findings, the Waiver memorializes a valid exercise of [Developer's] power pursuant to Article XXIII of the [Declaration]. According to its plain language of the Waiver, [Developer] and Smithbilt, LLC are not required to submit plans and specifications to the [ARC], are not prohibited from erecting or modifying buildings on Lots owned by either even absent [ARC] approval, are not required to obtain [ARC] approval of any building or landscaper, and are not required to permit the [ARC] to inspect the buildings on any Lot for which Article XII of the [Declaration] conditions and restrictions have been waived.

(Paragraph numbering omitted.) The trial court further determined that HOA was not entitled to a number of the declarations it sought, such as that there could only be one ARC,

11

that Developer had assigned authority over all Timberlake lots to HOA, and that the Waiver was null and void. The court also concluded that Developer was entitled to recover costs and attorney's fees pursuant to Tennessee Code Annotated § 20-12-119(c).

Upon careful review, we determine that HOA's complaint for declaratory judgment sufficiently alleged facts demonstrating the existence of an actual controversy contemplated by the declaratory judgment statute. Therefore, the trial court erred in dismissing this action pursuant to Rule 12.02(6). Accordingly, we vacate the portion of the trial court's order dismissing the action for failure to state a claim upon which relief can be granted and also vacate the trial court's award to Developer of attorney's fees pursuant to Tennessee Code Annotated § 20-12-119(c).[3] Because the trial court's dismissal of the action is vacated, we do not reach the arguments presented by HOA that in dismissing HOA's complaint, the trial court improperly considered matters outside the pleadings and failed to accept all of HOA's factual averments as true.

However, despite the procedural error in dismissing the action pursuant to Tennessee Rule of Civil Procedure 12.02(6), we find, after conducting our own review on the merits, *see Karsonovich*, 2018 WL 1091735, at *3; *Parsley*, 2021 WL 6139210, at *5, that the trial court nonetheless ultimately accomplished the correct result in its interpretation of the documents in question and its declaration of the parties' respective rights thereunder. For this reason, we affirm that portion of the trial court's order.[4]

Specifically, we agree with the trial court that the Declaration, Assignment, and Waiver documents are unambiguous as a matter of law. We further determine that the trial court's conclusions regarding the rights of the parties as established by the plain language of those documents are proper. *See also Dick Broad. Co., Inc. of Tenn. v. Oak Ridge FM, Inc.*, 395 S.W.3d 653, 659 (Tenn. 2013) (this Court reviews legal conclusions *de novo* with no presumption of correctness); *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn.1993) (this Court reviews issues of contract interpretation *de novo*),

---

[3] Tennessee Code Annotated § 20-12-119(c) provides, in pertinent part:

> [I]n a civil proceeding, where a trial court grants a motion to dismiss pursuant to Rule 12 of the Tennessee Rules of Civil Procedure for failure to state a claim upon which relief may be granted, the court shall award the party or parties against whom the dismissed claims were pending at the time the successful motion to dismiss was granted the costs and reasonable and necessary attorney's fees incurred in the proceedings as a consequence of the dismissed claims by that party or parties.

Because we now vacate that portion of the trial court's order dismissing HOA's complaint pursuant to Rule 12, we also vacate that portion of the trial court's order awarding to Developer its attorney's fees and costs pursuant to this statute.

[4] This Court may affirm the trial court even if the trial court reached the correct result for the wrong reason. *Torres v. Bridgestone/Firestone N. Am. Tire, LLC*, 498 S.W.3d 565, 577 (Tenn. Ct. App. 2016).

Furthermore, we note that Article XII of the Declaration, entitled "Architectural Review Committee [ARC]," provides that Developer "shall continue to have the exclusive authority to appoint the Members of the [ARC] until such time as it shall in writing expressly confer such authority to [HOA]." Clearly, this portion of the Declaration afforded Developer full control of the ARC appointments concerning all lots in Timberlake prior to execution of the Assignment. Nothing in Article XII or the Declaration as a whole prohibits the formation of more than one ARC, and nothing in the Declaration limits Developer's ability to retain authority respecting lots that it or Smithbilt, LLC, owns. The provision governing assignments in Article XXIV supports this conclusion because it states that "any or all" of Developer's rights and powers in the Declaration "may be assigned to any one or more corporations or assigns[.]" We interpret the plain language of Article XXIV to mean that Developer could properly assign its rights and powers to HOA either partially ("any") or as a whole ("all"). *See Allmand*, 292 S.W.3d at 630. Thus, the Declaration did not prohibit Developer from assigning ARC control to HOA for some Timberlake lots while retaining respective authority over others.

Accordingly, the Assignment, which was signed by representatives from both Developer and HOA, properly reserves to Developer the authority to control the lots owned by Developer or Smithbilt, LLC. Upon careful review, we determine that the Assignment is unambiguous and expressly states that Developer retained authority respecting those lots owned by Developer or Smithbilt, LLC.[5]

Relative to the Waiver, Article XXIII of the Declaration provides that Developer "reserves the right in its absolute discretion at any time to annul, waive changes or modify any of the restrictions, conditions or covenants contained [in the Declaration.]" The Waiver executed by Developer purports to waive "all restrictions and conditions in Article XII . . . of the Declaration otherwise applicable to those Lots owned by [Developer] or Smithbilt LLC[.]" In stating plainly that Developer can waive "any of the restrictions, conditions or covenants" contained in the Declaration, Article XXIII contemplates such waiver of the restrictions and conditions of Article XII. We therefore agree with the trial court that the Waiver "memorialized a valid exercise of Developer's power pursuant to Article XXIII[.]"

Because we find no error in the trial court's conclusion that the Declaration, Assignment, and Waiver documents are unambiguous, and because we further determine that the trial court correctly interpreted the plain language of those documents, *see Allmand*,

---

[5] Because we find that the Assignment is unambiguous and its express language provides that Developer retained ARC authority respecting lots owned by Developer or Smithbilt, LLC, we do not reach the issue of whether the trial court properly found that HOA was "estopped" from arguing this point. Regardless, HOA did not raise this argument on appeal, and it is therefore waived. *See Dye v. Witco Corp.*, 216 S.W.3d 317, 321 (Tenn. 2007) ("[I]ssues raised for the first time on appeal are waived.") (internal quotation marks omitted).

292 S.W.3d at 630, we conclude that the trial court properly determined that Developer only assigned ARC authority to HOA for the lots not owned by either Developer or Smithbilt, LLC. We further conclude that the Waiver constituted a proper exercise of Developer's authority as it was contemplated by Article XXIII of the Declaration. Accordingly, we affirm the trial court's declaration of the parties' rights as established by its interpretation of the unambiguous language of the Declaration, Assignment, and Waiver documents. *See Parsley*, 2021 WL 6139210, at *7.

## V. Attorney's Fees on Appeal

In the argument section of its brief, Developer requests an award of attorney's fees and expenses incurred on appeal. However, Developer did not properly raise this argument in the statement of the issues contained in its principal brief. It is well settled that "an issue may be deemed waived when it is argued in the brief but is not designated as an issue in accordance with [Tennessee Rule of Appellate Procedure] 27(a)(4)." *Hodge v. Craig*, 382 S.W.3d 325, 335 (Tenn. 2012); *see also Forbess v. Forbess*, 370 S.W.3d 347, 356 (Tenn. Ct. App. 2011) ("We may consider an issue waived where it is argued in the brief but not designated as an issue."). Therefore, Developer's request for attorney's fees on appeal is deemed waived.

## VI. Conclusion

For the foregoing reasons, the trial court's dismissal of HOA's petition for declaratory judgment pursuant to Tennessee Rule of Civil Procedure 12.02(6) and the trial court's award of costs and attorney's fees to Developer pursuant to Tennessee Code Annotated § 20-12-119(c) are vacated. In all other respects, the trial court's declaration of the parties' rights and responsibilities under the Declaration, the Assignment, and the Waiver documents is affirmed. Developer's request for an award of attorney's fees on appeal is denied as waived. This case is remanded with instructions for the trial court to enter a judgment declaring the rights of the parties as outlined in its order entered on January 30, 2023. Costs on appeal are assessed one-half to the appellant, HOA, and one-half to the appellees, Developer and Smithbilt, LLC.

s/Thomas R. Frierson, II

_____

THOMAS R. FRIERSON, II, JUDGE

14